### ARTHUR *v.* SUSSFIELD.

1. The similitude clause of the act of Aug. 30, 1842 (5 Stat. 565), applies only to non-enumerated articles.
2. In 1872 and 1873, a quantity of spectacles made of glass and steel were imported at New York, upon which the collector of the port, under the third section of the act of June 30, 1864 (13 Stat. 205), exacted a duty of forty-five per cent *ad valorem. Held,* that they were dutiable under the ninth section of that act, which imposes "on pebbles for spectacles and all manufactures of glass, or of which glass shall be a component material, not otherwise provided for," a duty of forty per cent *ad valorem.*

ERROR to the Circuit Court of the United States for the Southern District of New York.

In 1872 and 1873, the plaintiffs, Sussfield, Lorsch, & Co., imported, at New York, a quantity of spectacles made of glass and steel.

Arthur, the collector, held them to be subject to a duty of forty-five per cent, under the third section of the act of June 30, 1864, which reads, "On all manufactures of steel, or of which steel shall be a component part, not otherwise provided for, forty-five per cent" (13 Stat. 205), and exacted the duty at that rate.

The importers insisted that the duties were to be chargeable under the ninth section of the same act, which reads, "On pebbles for spectacles and all manufactures of glass, or of which glass shall be a component material, not otherwise provided for, forty per cent." Id. 211.

Having paid the duty under protest, they brought suit to

recover the alleged excess.　The court below held the goods to be dutiable under the ninth section of the act of 1864.　There was a verdict and judgment for the plaintiffs.　The collector then brought the case here.

*Mr. Assistant-Attorney-General Smith* for the plaintiff in error.

*Mr. Edward Hartley, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The question in this case is as to the proper duty to be imposed.

On the part of the government, it is now insisted that the third and the ninth sections of the act of June 30, 1864, give a partial description of the articles taxed; but that neither is so complete as to exclude the other, and therefore neither description can be applicable: hence it is argued that spectacles must be treated as a non-enumerated article, and that equally resembling two enumerated articles, — to wit, those of which steel is a component and those of which glass is a component, — they must, under the similitude clause of the act of Aug. 30, 1842 (5 Stat. 565), pay the highest rate of duty chargeable on either of the articles they resemble.

We are not able to assent to this course of reasoning.　The similitude act applies only to non-enumerated articles.　These goods are enumerated.　They fall under the description or enumeration of both sections, and if either were absent, the description under the other would be sufficient.　Thus, if it were not for that provision of the act describing " manufactures of which steel is a component part," there could be no difficulty in classifying them under that clause which describes " manufactures of which glass shall be a component material; " and if it were not for the provision describing " manufactures of which glass shall be a component material," there could be no difficulty in classifying them under that clause which describes " manufactures of which steel is a component part."

The difficulty, it is said, may be solved in this way: 1st, that in the case of repugnant statutes, the later statute, or, in the case of repugnant provisions of the same statute, the later portion of the act, is deemed to be the last expression of the

legislative will; and, 2d, that when the same article is twice enumerated, the lower rate of duty must prevail. To these points many authorities are cited. Potter's Dwarris on Statutes, pp. 170, 744; *Powers* v. *Barney*, 5 Blatchf. 202; 2 Taunt. 109; 2 B. & Ad. 818; *United States* v. *Johnson*, 17 Wall. 504; *United States* v. *Ulman*, 5 Ben. 553.

Without passing upon this point, we prefer to place our opinion upon the connection in which the different articles are found in the statute. Neither in the general use of language nor in commercial designation would it be understood that the unconnected expression, " of which steel is a component part," was intended to embrace spectacles. Steel may or may not form a part of the spectacles. The article will be as perfect without steel as with it. On the other hand, the terms " pebbles for spectacles and all manufactures of which glass shall be a component material," naturally connects the glass manufacture with the spectacles. There could be no spectacles without them. The colorless crystals in spectacles, termed pebbles, and the manufactures of glass used in spectacles, embrace the same idea; to wit, of pebbles or glass for spectacles. The section, we think, was intended to impose a duty of forty per cent on those substances used in the manufacture of spectacles to aid the sight, and which are therein described as pebbles or as glass. The use of spectacles is to aid the sight. The pebbles and the glass are the materials which effect that purpose. The steel is incidental or auxiliary merely, and Congress intended to embrace spectacles under this appropriate designation.

*Judgment affirmed.*