## BENZIGER *v.* ROBERTSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Argued May 2, 1887. — Decided May 27, 1887.

Rosaries composed of beads of glass, wood, steel, bone, ivory, silver, or
mother-of-pearl, each rosary having a chain and cross of metal, were,
under the Revised Statutes, dutiable at 50 per cent ad valorem, under
the head of "beads and bead ornaments," in Schedule M of § 2504, 2d ed.,
p. 473; the duty on manufactures of the articles of which the beads
were composed, and on manufactures of the metal of the chain and
cross, being less than 50 per cent ad valorem; and § 2499 requiring that
"on all articles manufactured from two or more materials, the duty shall
be assessed at the highest rates at which any of its component parts
may be chargeable;" and rosaries not being an enumerated article.

THIS was an action at law to recover back duties alleged
to have been illegally exacted. Judgment for defendant.
Plaintiff sued out this writ of error. The case is stated in
the opinion of the court.

*Mr. R. D. Mussey* for plaintiff in error.

*Mr. Solicitor General* for defendant in error submitted on
his brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, commenced in a court of the state
of New York, and removed into the Circuit Court of the
United States for the Southern District of New York,
brought by the firm of Benziger Brothers against the col-
lector of the port of New York, to recover back duties
alleged to have been illegally exacted on importations made
into the port of New York, in 1881, of articles which were
entered as "rosaries." The duty exacted was 50 per cent ad
valorem, under Schedule "M" of § 2504 of the Revised
Statutes, 2d ed., p. 473, which provides for that rate of duty

on "all beads and bead ornaments." At the trial, the court directed the jury to find a verdict for the defendant. The plaintiffs excepted to this direction and, after such a verdict and a judgment accordingly, brought this writ of error.

The component materials of the rosaries in question were, 1. Beads, glass; chain and cross, metal. 2. Beads, wood; chain and cross, metal. 3. Beads, chain, and cross all of steel. 4. Beads, bone; chain and cross, metal. 5. Beads, ivory; chain and cross, metal. 6. Beads, chain, and cross all of silver. 7. Beads, mother-of-pearl; chain and cross, metal. It was proved at the trial that the rosaries are composed of beads, a metal chain, and a cross, the beads being fastened on the chain at regular intervals; that a rosary is not complete without a cross; that they are used by Roman Catholics in counting their prayers; that they are carried in the pocket when not so in use, and are never used for ornament; that, in all cases, the beads are the component material of chief value; that they are dealt in only by dealers in religious and devotional articles pertaining to the Catholic Church, and are not dealt in by those who deal generally in beads and bead ornaments, and are not known to them; and that the expression "I say the beads," is sometimes applied to the devotional exercises which are performed on rosaries. The witnesses for the plaintiffs testified that the articles in question are known to importers and wholesale dealers as rosaries, and are dealt in under that name, and are not dealt in under the name of beads; that dealers in rosaries also deal in the beads not made up into rosaries, but fastened together on a cotton string, which they sell to parties to be made up into rosaries; that an order for beads would be understood to mean these beads and not the ones made up into rosaries; and that the people who use rosaries sometimes call them "beads" and sometimes "rosaries." The witness for the defendant testified that they are called beads or rosaries, and are bought and sold under the name of beads; that, in point of fact, they are made of beads, and are called beads and rosaries, irrespective of the material of which the beads are composed. On cross-examination he testified as follows: "Q. What class of

people call them beads? A. Well, I think people in New York. Q. What class of people in New York? A. A great many Catholics call them beads, and a great many call them rosaries. Q. Don't the dealers call them rosaries, and so catalogue them? A. Yes, sir."

The plaintiffs claim that the rosaries were not dutiable under the head of "beads and bead ornaments," but were dutiable, under various provisions of the Revised Statutes, at 35 per cent, as manufactures of wood, bone, ivory, and shells; at 40 per cent, as manufactures of glass and silver; and at 45 per cent, as manufactures of steel.

The principle adopted by the Treasury Department in directing the collector to assess a duty of 50 per cent on these rosaries, was that, as they were not enumerated as "rosaries" in the tariff act, and were composed of beads with steel, silver and other metals, the beads being the component material of chief-value, although they might not be "bead ornaments," they were dutiable at the rate of duty imposed on beads, by virtue of the provision of § 2499 of the Revised Statutes, which enacts that "on all articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which any of its component parts may be chargeable." This provision does not apply to any enumerated articles, but applies only to non-enumerated articles. The articles in question were known to importers and dealers as "rosaries." As such, they were not an enumerated article, but were dutiable, under the above provision of § 2499, at the duty imposed on "beads."

The cases of *Lottimer* v. *Lawrence*, 1 Blatchford, 613, and *Arthur* v. *Sussfield*, 96 U. S. 128, cited by the plaintiffs, have no application to the present case. In the former case, the article in question, thread lace, was enumerated in the tariff by that name. In the second case, the article was spectacles, made of glass and steel. A duty of 45 per cent was exacted on the spectacles, as being "manufactures of steel, or of which steel shall be a component part." It was held by this court that the article was dutiable at only 40 per cent under the head of "pebbles for spectacles and all manufactures of glass, or of

which glass shall be a component material." The ground of
the decision was that, as there could be no spectacles without
pebbles or glass, the duty of 40 per cent was imposed on the
pebbles or glass as materials to aid the sight, the steel being
incidental merely, and that, in fact, spectacles were desig-
nated under the description of "pebbles for spectacles."

*Judgment affirmed.*