## LIEBENROTH et al. v. ROBERTSON.

(Circuit Court, S. D. New York. January 5, 1888.)

CUSTOMS DUTIES—ALBUMS.

Rev. St. U. S. § 2499, as amended by act 1883, provides that if two or more rates of duty should be applicable to any imported article, it shall be classified for duty under the highest of such rates. Held, that photographic albums bound in leather, their interior part consisting of paper, are dutiable, under the provisions of Schedule M, par. 463, at 30 per cent. ad valorem, as articles not specially enumerated of which leather is a component part, and not under paragraph 384, or 385, or 388, providing, respectively, for duty on books or pamphlets, blank books, and paper manufactures not specially provided for.

At Law. Action to recover back customs duties.

Action by Adolph Liebenroth et al. against William H. Robertson, collector of revenues, to recover an alleged excess of duties paid in 1885 and 1886 on photographic albums.

Stephen G. Clark, for plaintiffs.

Stephen A. Walker, Dist. Atty., and McGrane Coxe, for defendant.

LACOMBE, J., (orally.) It is provided by section 2499 of the Revised Statutes, as it stands amended by the act of 1883, that if two or more rates of duty should be applicable to any imported article, it should be classified for duty under the highest of such rates. The articles in question here are photographic albums, the interior portion of which, intended for the insertion of the photographs, is made of paper, and the albums being bound with various materials, such as paper, leather, plush, cloth, wood, etc. The albums in the particular case now at bar, however, are covered with leather only. It is contended by the plaintiff, first, that the articles are covered by paragraph 384 of Schedule M, which enumerates books, pamphlets, bound or unbound, etc. This contention seems unsound, because upon the principle noscitur a sociis, the various articles covered by the enumeration of paragraph 384 seem to include only such as are printed or struck from plates or types. It is further claimed by the plaintiff that if not covered by paragraph 384, the articles are covered by paragraph 385, which provides for blank books, bound or unbound, and blank books for press copying. The testimony of the plaintiff Van Auw, however, indicates that these albums are not known in trade and commerce as blank books, and therefore they do not come within the enumeration of that paragraph. The plaintiff next claims that if not covered by paragraph 385, they are covered by paragraph 388, which is as follows: "Paper manufactures, or of which paper is a component material, not specially enumerated or provided for in this act, 15 per cent. ad valorem." The collector assessed duty at 30 per cent. ad valorem under the provisions of paragraph 463, as follows: "All manufactures and articles of leather or of which leather shall be a component part, not specially enumerated or provided for in this act, 30 per cent. ad valorem."

In support of plaintiff's contention he refers to the case of *Arthur* v. *Sussfield*, 96 U. S. 128. The facts of that case, however, were different from the one at bar, for the reason that in the paragraph in which there was the enumeration "manufactures of glass" there were also included the word "pebbles for spectacles," which indicated quite clearly that the manufactures of glass referred to were intended to include manufactures of glass for optical purposes. The phraseology of each paragraph referred to in the case at bar (388 and 463) correctly describes the particular article imported. It is a manufacture of which paper is a component part. It is also a manufacture or article of which leather is a component part; and it is not, otherwise than as a manufacture of paper or a manufacture of leather, specially enumerated or provided for in the act.

In interpreting the provisions of these tariff acts it must, of course, be assumed that congress was familiar with the conditions of trade or manufacture at the time, and we must take notice of the circumstances under which they have, for very many years past, been enacted. Such considerations will meet the suggestion that by applying section 2499, and thus assessing these articles for duty at the rate specified for the component material which pays the highest rate, there is no fixed rate for photographic albums, as such. It was quite competent for congress, if it chose to do so, to provide specifically for photographic albums. They were made and imported long before the passage of this act. They were imported with covers of different materials, and sometimes unbound, the covers being manufactured and put on here. It was very easy for congress to treat these goods as articles well known in trade and commerce, and in common use, and to include them as such in some specific enumeration. They have not done so, except as the articles may be covered by one or other of these paragraphs which describe them only by their components. It is no doubt the result of such legislation that there is no regular, specific duty for the photographic album as such. But it is to be taken into consideration that when congress passed these acts it was endeavoring to accommodate a great variety of conflicting interests. Every album imported with a silk cover, to a certain extent interferes with the manufacture of silk here. Every album imported with a leather cover interferes to a certain extent with the manufacture of leather here; and in view of the fact, which is well known to us, that congress for years has been legislating on revenue, amid the clamorous appeals of many conflicting interests, each claiming its share of protection, it is not unreasonable to interpret this section as meaning that these photographic albums, if all paper, shall pay the paper duty; but if they are composed of any other material which is itself protected in the act, then the measure of protection accorded to that other material shall reach over and protect it when it is incorporated in this article. Of course it must enter into the album to a substantial extent, sufficiently so to add to its attractiveness and assist its sale.

For these reasons, I shall direct a verdict for the defendant; exception to the plaintiff.