### ALOE et al. v. CHURCHILL.

*(Circuit Court, E. D. Missouri, E. D.    November 5, 1890.)*

CUSTOMS DUTIES—OPERA-GLASSES.
    Opera-glasses are dutiable as "articles composed in part of metal" under the last clause of the metal schedule, (Heyl, Dig. 216,) and not as non-enumerated articles under the similitude clause of section 2499, (Heyl, Dig. 823,) the metal frame being a necessary and important part of the opera-glass, whether we regard size or value.

At Law.
*Rowell & Ferriss*, for plaintiffs.
*Geo. D. Reynolds*, U. S. Atty., for defendant.

THAYER, J.    This case has been once tried and a new trial granted. It has been resubmitted on the testimony produced at the former trial, and the sole question to be determined is whether opera-glasses, under the tariff act of March 3, 1883, are dutiable under the third clause of section 2499, (Heyl, Dig. 823,) or the last clause of the metal schedule, (Heyl, Dig. 216.)    If the former view is adopted, the duty upon opera-glasses becomes variable; the most expensive glasses, those with a pearl covering, will be dutiable at 25 per cent. *ad valorem*, while the less expensive ones, covered with leather, or with no covering over the metal frames, will be dutiable at 45 per cent. *ad valorem*.    On the other hand, if the view prevails that opera-glasses are dutiable under the last clause of the metal schedule, as "articles   *   *   *   not specially enumerated or provided for,   *   *   *   composed   *   *   *   in part of   *   *   * metal," then all of such articles will pay the same duty.

Plaintiffs' chief contention is that opera-glasses are "specially provided for" under the third clause of section 2499, and, as the last clause of the metal schedule only applies to articles "not specially enumerated or provided for," that they are not dutiable thereunder.    The vice of the argument is that it assumes the very point in controversy; that is to say,

it assumes that opera-glasses are "specially provided for" by section 2499. The fact is that section 2499 does not specifically enumerate any article. That section was first enacted on August 30, 1842, and, with some modifications, has ever since continued in force. It was early held, in *Stuart* v. *Maxwell*, 16 How. 151, that the purpose of that section was to afford a rule of construction for the tariff laws. It does not impose duties on specific articles, but enunciates a rule by which duties may be assessed when articles for any reason cannot be fairly assessed under any provision of the schedules. In *Arthur* v. *Fox*, 108 U. S. 128, 2 Sup. Ct. Rep. 371, Chief Justice WAITE held, in substance, that section 2499 only applies when an article is not enumerated in the schedules. He says that if an article is found not enumerated in the schedules, then the first inquiry should be whether it bears such a similitude to an enumerated article that it may be assessed under the first, or similitude, clause of section 2499, (Heyl, Dig. 822.) If nothing is found enumerated to which it bears a similitude "in material, quality, texture, or use," then an inquiry is to be instituted as to its component elements, and the third clause of section 2499 applies. This is substantially the view taken by the court in sustaining the motion for a new trial. The contention, therefore, that opera-glasses are "specially provided for" in section 2499, and therefore that the last clause of the metal schedule cannot apply by reason of the exception contained in that clause, is without merit. We are remitted, then, to this question, and it seems to be the only question worthy of consideration,—may opera-glasses be fairly termed "manufactures, articles, or wares composed in part of metal?" If they may be, then there is no occasion for invoking the provisions of section 2499, and under the authority cited it ought not to be invoked. The fact is, as disclosed by the testimony in this case, that all opera-glasses have metal frames of brass or steel, and the metal frame is not an inconsiderable or insignificant part of the article. The frame is a necessary part of an opera-glass, and generally costs more than any other component element. On the first trial of this case, for example, it took nearly a day to determine, by the testimony of experts, whether the metal frames or the shell coverings of the opera-glasses involved in the suit were the most valuable, and opinions differed widely on that point. It will not do to say, therefore, that the metal frame of an opera-glass is such an insignificant part of the article, or that it is of such trifling value when compared with other component elements, that an opera-glass ought not to be classified as "an article composed in part of metal;" on the contrary, the frame is such an important element that, even upon the plaintiffs' own theory of the law, it determines the rate of duty on the majority, perhaps of all, imported opera-glasses.

It is further urged that the phrase "articles composed in part of metal" is so general that an article not otherwise enumerated in the schedules than by such general description is not enumerated at all, and hence that section 2499 must be resorted to. This argument, if carried to its legitimate conclusion, would render the last clause of the metal schedule inoperative; for, if it is too general to serve as a description, then all ar-

ticles not specially described, though composed in part of metal, must of necessity, for want of enumeration, be dutiable under section 2499. The true view I apprehend to be this: An article composed in part of metal, and not specially described, is not dutiable under the last clause of the metal schedule, unless a substantial part thereof is composed of metal. This is a reasonable view of the meaning of the law. It also gives some effect to the last clause of the metal schedule, and answers at the same time some of the extreme illustrations put by plaintiffs' attorney. All laws should receive a reasonable interpretation. This is one of the primary canons of construction. The "nail in the box," and "the hook on the dress," would not render the box and the dress dutiable under the last clause of the metal schedule, as "manufactures composed in part of metal," because metal is not a substantial part of either article, and no reasonable person would think of describing them as manufactures of metal. But the contention that the last clause of the metal schedule is too general to be regarded as an enumeration or description of any article, is overthrown by at least two well-considered cases decided by the supreme court. Thus, in *Arthur* v. *Sussfield*, 96 U. S. 128, which bears a strong analogy to the case at bar, spectacles were held dutiable under a general clause of the tariff law then in force, which imposed a duty of 40 per cent. "on all manufactures of glass." The same act imposed a duty of 45 per cent. "on all manufactures of steel, or of which steel was a component part, not otherwise provided for." The court held, in substance, that as the spectacles had "steel bows," they might be classified either as "manufactures of glass" or "as manufactures of which steel formed a component part," but considered it most reasonable to classify them as manufactures of glass. It expressly held, however, that in the absence of the clause imposing a duty "on all manufactures of glass" spectacles would be dutiable as "manufactures of steel, or of which steel was a component part," and that they would not be dutiable as non-enumerated articles under the similitude clause of what is now section 2499. In *Arthur's Ex'rs* v. *Butterfield*, 125 U. S. 76, 8 Sup. Ct. Rep. 714, the court said, in substance, that the phrase "manufactures of which steel is a component part," is sufficiently explicit to amount to an enumeration or description of certain articles, and refer with approval to the decision in *Arthur* v. *Sussfield*, where it was held sufficient to embrace spectacles, and take them out of the operation of section 2499, as above shown. The case of *Benziger* v. *Robertson*, 7 Sup. Ct. Rep. 1169, on which so much reliance seems to be placed, may, in my judgment, be fairly distinguished from the cases above cited, on the ground that the metal part of the rosaries involved in that case was such an inconsiderable part of the article that it was deemed more reasonable to assess the duty as on beads, which are the distinguishing features of such articles.

My conclusion is that opera-glasses may be reasonably termed "articles composed in part of metal," because the metal frames are a necessary and important part thereof, whether we regard size or value. Therefore they are enumerated by the last clause of the metal schedule, and

are dutiable thereunder. This construction has the additional merit of rendering the duty on opera-glasses uniform, whereas the other view renders the duty variable, without any reason being shown why congress may be presumed to have intended that the duty should be variable.

Judgment will be entered for defendant.