### In re KURSHEEDT MANUF'G CO.

(Circuit Court of Appeals, Second Circuit. February 7, 1893.)

CUSTOMS DUTIES—VELVETEEN DRESS FACINGS.
    "Velveteen dress facings" are dutiable at 40 per cent. ad valorem as "manufactures of cotton not specially provided for," under paragraph 355 of the tariff act of October 1, 1890, and not at 14 cents per square yard and 20 per cent. ad valorem, as "velveteens," nor as "cotton-pile fabrics," under paragraph 350. 49 Fed. Rep. 633, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Proceeding by the Kursheedt Manufacturing Company to review the decision of the board of general appraisers assessing a duty of 40 per cent. ad valorem on "velveteen dress facings." The circuit

court affirmed the decision.    49 Fed. Rep. 633.    The United States appeals.    Affirmed.

Edward Mitchell, U. S. Atty., and Thos. Greenwood, Asst. U. S. Atty., for appellant.

M. A. Kursheedt, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. The court below, affirming the decision of the board of general appraisers, adjudged that the importations in controversy were manufactures of cotton, under paragraph 355 of the tariff act of October 1, 1890, which subjects to duty at 40 per cent. ad valorem "all manufactures of cotton not specially provided for." It is contended for the appellant that they should have been classified and assessed for duty under paragraph 350 of the same tariff act, which imposes a duty of 14 cents per square yard and 20 per cent. ad valorem upon "plushes, velvets, velveteens, corduroys, and all pile fabrics composed of cotton, * * * if dyed, colored, stained, painted, or printed." Paragraph 355 is the omnibus clause of "Schedule I, Cotton Manufactures." The importations consist of velveteen which has been cut bias into narrow strips of short length, the ends lapped over, formed into a seam, sewed together, and pressed with a hot iron. They are commercially known as velveteen dress facings. They are intended for facing the skirts of dresses, and are used for that purpose in the form in which they are imported.

The real question in the case is whether the articles are the velveteens of paragraph 350 or a manufactured article. Concededly, if they are a manufactured article, they are a manufacture of cotton, because they are made out of velveteen, which, itself, is a manufacture of cotton. If they are specially provided for, and excluded from the manufactures of cotton of paragraph 355 for that reason, it is because they are velveteens. Velveteens are a particular variety of cotton-pile fabric, and, having been enumerated, like plushes, velvets, and corduroy, are taken out of the more general descriptive term. They are not the pile fabrics of paragraph 350, because that term is intended to cover and subject to duty only such other varieties as have not already been described. We regard the term "pile fabric" as a trade term, used to designate all the other cotton fabrics which are ejusdem generis with the varieties previously named. We think the evidence clearly shows that the articles in controversy have lost their commercial identity as velveteen, and are a manufactured article. Not only have they been advanced to a form in which they have acquired a new commercial name, and are adapted for a distinctively new use, but they have been subjected to a process consisting of several steps, which requires a considerable amount of skill and labor, and which has very materially enhanced their value beyond that of velveteen. It appears in the record that two letters patent for inventions in the process of making the articles have been granted by the United States.

The judgment is affirmed.