## WOLFF et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 17, 1895.)

### No. 1,741.

1. CUSTOMS DUTIES—GILT BRAID.
    "Soutache gilt braid," consisting of cotton cables around which is braided a gilt thread composed of metal wire and cotton thread, is dutiable under Act Oct. 1, 1890, par. 215, as a manufactured article composed in part of metal, and not under paragraph 196, as metal thread of gilt, silver, or other metals, not specially provided for.

2. SAME—ARTICLES NOT ENUMERATED.
    An article is "enumerated," so as to be without the provision that on manufactured articles not "enumerated" the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material of chief value, not only when the article is mentioned by its specific trade name, but also when it may be fairly included within some generic clause contained in the tariff schedule, so as to be distinguished from other articles.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal by H. Wolff & Co. from a decision affirming a decision of the board of general appraisers, which sustained the collector's classification for duty of certain imported merchandise.

Evart Brown, for appellants.
Henry D. Sedgwick, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The merchandise in question was invoiced as "soutache or." It is a gilt braid. The center consists of four cotton cables, and around these is braided a gilt-metal thread. The metal thread is itself composed of metal wire known as "tinsel

wire," "lame," or "lahn," and cotton thread. The metal thread was worth about 75 per cent. of the value of the braid; and it is conceded that the metal per se is the component of chief value, the other component being cotton in the form of thread or cables. The collector assessed the articles for duty under paragraph 215 of the act of October 1, 1890, as "manufactures, articles, or wares not specially enumerated or provided for in this act, composed wholly or in part of * * * metal, and whether wholly or partly manufactured." The importers insist that they should have been classified for duty under paragraph 196, either directly or by virtue of section 5 of the same act. Paragraph 196 provides for "bullions and metal thread of gold, silver or other metals, not specially provided for." They contend that, inasmuch as the metal thread not only constitutes 75 per cent. of the value, but is the special and distinguishing feature, the gilt braid as imported is substantially metal thread, and its classification as such would be in accord with the intent of the statute. The findings of the board of general appraisers and the undisputed testimony forbid such a disposition of the case. Not only is the merchandise not commercially known as metal thread nor as bullions, but the process of manufacture to which the metal thread and the cotton cables have been subjected have advanced them beyond their original condition into a new and distinctive article of commerce, with a specific trade name, viz. "soutache gilt braid." Of such braids, as of the velveteen dress facings, which were before this court in U. S. v. Kursheedt Manuf'g Co., 4 C. C. A. 262, 54 Fed. 159, it may be said that "they have lost their commercial identity as [metal threads] and have been advanced to a form in which they have acquired a new commercial name, and are adapted for a distinctively new use." They are no longer, therefore, within the enumeration of paragraph 196.

Section 5 provides that "on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material of chief value," etc. This section, however, only applies to articles not enumerated in the preceding schedules, and the merchandise in question is therein enumerated. It has been abundantly settled by repeated decisions of the supreme court that an article is "enumerated," not only when it is mentioned by its specific trade name, but also when it may be fairly included within some generic clause contained in the tariff schedules, being thus designated in any way to distinguish it from other articles. Thus, in Arthur v. Sussfield, 96 U. S. 128, spectacles were held to be enumerated either as "manufactures of which steel is a component part" or as "manufactures of which glass shall be a component material." In Arthur's Ex'rs v. Butterfield, 125 U. S. 77, 8 Sup. Ct. 714, goat's hair goods used for women's dresses were held to be enumerated as "manufactures of hair." In Mason v. Robertson, 139 U. S. 624, 11 Sup. Ct. 668, bi-chromate of soda was held to be enumerated by the phrase, "all chemical compounds and salts." To the same effect are Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, and Junge v. Hedden, 146 U. S. 238, 13 Sup. Ct. 88.

The appellants rely on Benziger v. Robertson, 122 U. S. 211, 7 Sup. Ct. 1169. The merchandise in that case consisted of rosaries. A rosary is a string of beads, with a little chain and cross of metal, the beads being made of glass, wood, steel, bone, ivory, silver, and mother of pearl. The collector assessed them as "beads." The importer claimed that they should have been rated as manufactures of glass, wood, steel, etc. They were known in trade and commerce as "rosaries," and there was no specific duty laid upon them eo nomine. The supreme court sustained the collector's classification, and it is true that in the opinion it is stated that the rosaries were not enumerated articles, thus overruling the claim of the plaintiff in error that they were enumerated, not, indeed, by name, but by material. In Aloe v. Churchill, 44 Fed. 50 (a case cited with approval by the supreme court in Seeberger v. Schlesinger, 152 U. S. 589, 14 Sup. Ct. 729), it is suggested that Benziger v. Robertson may be distinguished from the other cases cited supra on the ground that "the metal part of the rosaries involved in that case was such an inconsiderable part of the articles that it was deemed more reasonable to assess the duty as on beads, which are the distinguishing feature of such articles." Counsel for the United States in the case at bar suggests that in the record in Benziger v. Robertson, which is not before this court, there was evidence that the articles "were called 'beads' or 'rosaries,'" and were bought and sold under' the name of "beads." Whatever may have been the controlling element in the Benziger Case, however, it cannot, standing alone, be taken as repealing the earlier case of Arthur's Ex'rs v. Butterfield, supra, especially in view of the fact that the rule that a descriptive enumeration is sufficient to take an article out of the operation of a section providing only for nonenumerated articles has been since repeatedly reaffirmed in the cases cited supra from 125 U. S., 8 Sup. Ct.; 135 U. S., 10 Sup. Ct.; 139 U. S., 11 Sup. Ct.; and 146 U. S., 13 Sup. Ct. Inasmuch, therefore, as the articles are not bullions or metal thread, and are "manufactures, articles or wares, not specially enumerated, composed in part of metal, and wholly manufactured," the decision of the circuit court is affirmed.