## KNAUTH, NACHOD & KUHNE v. UNITED STATES.

(Circuit Court, S. D. New York. May 16, 1907.)

### No. 4,164.

1. CUSTOMS DUTIES—CLASSIFICATION—WALL POCKETS—LITHOGRAPHIC PRINTS.
    Articles composed of cardboard on which lithographic prints have been pasted, and which is cut into forms adapted to be folded into pockets to hang on walls, some of them having pincushions or calendars attached, are not dutiable as "lithographic prints," under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], but as manufactures of paper, under paragraph 407, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673].

2. SAME—COMMERCIAL DESIGNATION—LITHOGRAPHIC PRINTS.
    The expression "lithographic prints," in Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], had no such definite, general, and uniform meaning in the wholesale trade and commerce of the United States at the time of the passage of that act as to control its construction.

3. SAME—EVIDENCE—ADMISSIBILITY OF PREVIOUS RECORDS.
    The Board of General Appraisers admitted as evidence in a case testimony taken previously in another case. This was done over the objec-

tion of counsel, who had not appeared in the previous case nor had opportunity of cross-examining the witnesses therein; and the articles involved in the two cases were not shown to be the same. *Held*, that such evidence should not have been admitted.

4. SAME—APPEAL FROM BOARD OF GENERAL APPRAISERS—COMPETENCY OF EVIDENCE.

Though Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], providing appeals from the Board of General Appraisers to the Circuit Court, makes competent evidence admitted by the board, the court may attach very slight weight to such evidence.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York on imported merchandise. The case involves construction of Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1934], the pertinent part of which reads as follows:

"The court shall order the Board of Appraisers to return to said Circuit Court the record and the evidence taken by them, and all the evidence taken by and before said appraisers shall be competent evidence before said Circuit Court."

Everit Brown, for importers.
J. Osgood Nichols, Asst. U. S. Atty.

PLATT, District Judge. The merchandise involved in this case is wall pockets. These are made in the following manner: The lithographer makes what is concededly a lithographic print; the same being an ornamental design in color, produced by printing from stone, zinc, or other equivalent material. These lithographic prints are sent to another manufacturer, who pastes them upon cardboard, embosses them, cuts them out, and puts them in the shape of little pockets designed to hang upon the wall and hold odds and ends. They are imported in this condition, all of them having separate pieces accompanying to form the pockets. They are not used in the imported condition, as they are imported in a flat shape, which is commonly known as a "knocked down" condition. Some of these articles are decorated with pincushions, and most of them have calendars attached, which calendars are produced by ordinary printing, and not lithographic printing. The goods were assessed for duty at 6 cents per pound, under paragraph 400 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672]), as "lithographic prints." The importers claim that they are not lithographic prints, and that therefore they fall into the more general clause for "manufactures of paper, or of which paper is the component material of chief value," found in paragraph 407 of said act.

Counsel for the United States makes a preliminary question as to whether paper be in fact the component material of chief value. I am satisfied on the testimony of all the witnesses that it is the component of chief value. Under the decisions the various components of an article must be taken in the condition in which they are found in the article; and there is practically no component in these wall pockets except paper, some of which is in a lithographed condition

and enhanced in value beyond the condition of ordinary paper, but is still paper.

On the main question involved I am clearly of the opinion that in the wholesale trade and commerce of the United States on and immediately before July 24, 1897, there was no such definite, general, and uniform understanding to the term "lithographic prints" as the decisions require to impose such commercial meaning on terms in the tariff act. The Board of General Appraisers relied on the testimony taken in what may be called the "Overton Case" some years previously. G. A. 4,959 (T. D. 23,169). At the hearing before the board this testimony was offered in behalf of the government; but its acceptance was objected to by counsel for the importers, on the grounds that they had no participation in the proceedings in the Overton Case, that no opportunity for cross-examination of the witnesses in that case was afforded to present counsel, and that the merchandise in the Overton Case is not shown to be the same as the samples in the present case. The samples in the Overton Case were before this court together with the samples of the merchandise now in dispute, and it is evident that there are differences; so that what the witnesses said about the samples in the Overton Case might very possibly not have been said about the samples in the present case. For all these reasons I am of the opinion that such testimony in the Overton Case should not have been admitted by the Board of Appraisers in the case at bar.

Having been admitted and having become by operation of section 15 of the customs administrative act (Act June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1934]) competent evidence in this court, I am nevertheless compelled to give it very slight weight in view of the preceding considerations. Giving it such weight as I think it is entitled to, and also taking into account the subsequent evidence in the case at bar before a referee, including the testimony of witnesses both for the importers and the government, I have reached the conclusion, as previously indicated, as to the commercial meaning of "lithographic prints." We are therefore relegated to the ordinary meaning of the words; and, as these articles are clearly manufactures of lithographic prints (a provision for which occurred in the act of 1890, but is omitted from the present law), rather than lithographic prints themselves (In re Kursheedt Manufacturing Company, 54 Fed. 159, 4 C. C. A. 262), I feel convinced that they are dutiable, not under paragraph 400, but under paragraph 407, of the act.

The decision of the Board of General Appraisers is reversed.