## LUYTIES BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. June 30, 1910.)

No. 5,468.

CUSTOMS DUTIES (§ 36*)—CLASSIFICATION—"LITHOGRAPHIC PRINTS" BOUND.

Calendars composed of lithographic sheets with a metal strip at each end, and having a calendar pad composed of lithographic sheets attached thereto, the lithographic prints being the most important feature of the importation, are dutiable as lithographic prints bound, under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1672), rather than as printed matter (par. 403, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]), or as manufactures of paper (par. 407, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 118; Dec. Dig. § 36.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Hatch & Clute (Walter F. Welch, of counsel), for importers.

D. Frank Lloyd, Asst. Atty. Gen. (Martin T. Baldwin, on the brief), for the United States.

HAZEL, District Judge. The question presented by the protest involves calendars of a sheet of paper with metal strips at the ends and containing a lithographed illustration and advertising matter, and

having attached thereto lithographed strips of paper composing a calendar pad. They were held dutiable under paragraph 400 (Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672]) as lithographic prints, less than $8/1000$ of an inch in thickness at 20 cents per pound. The importer claims that the merchandise is assessable for duty at 35 per cent. ad valorem under paragraph 407 of said act, as manufactures of paper not specially provided for, or, under paragraph 403, as printed matter at 25 per cent. ad valorem. It appears that all the advertising matter on the calendars was lithographic, and unquestionably they would have been assessed for duty under paragraph 400 if the prints had been brought into the country loose and not attached in calendar form. That the sheets were attached makes no difference, for the tariff provision is broad enough to cover them whether bound or unbound. They were advanced in condition, and it would be unreasonable to suppose that Congress placed a certain duty on separate sheets of lithographic prints, and intended that such sheets fastened together should be entitled to entry at a lower rate of duty.

The importer relies on the principle of Knauth, Nachod & Kuhne v. United States (C. C.) 155 Fed. 144, where it was held that an article composed of cardboard which had a lithographic print upon it was not dutiable as lithographic print under the paragraph in question, but that case seems to me to be inapt. The lithographic prints were used to decorate an article such as a wall pocket, which is hung on the wall as a receptacle for small household articles, and, moreover, the lithographic prints were not the distinctive feature of the articles. They were simply used by the manufacturer to embellish or decorate the cardboard boxes, while in the present case the merchandise consists of lithographic prints which in themselves are the most important feature of the importation.

The decision of the board is affirmed.