UNITED STATES v. ANDREWS & Co. (No. 2354).[1]

"RUBBER BUBBLES"—TOYS.

Merchandise invoiced as "rubber bubbles"—small tubes of licorice candy made onto small balloons—is not toys under paragraph 342, tariff act of 1913, or paragraph 414, tariff act of 1922.—Illfelder v. United States (1 Ct. Cust. Appls. 109; T. D. 31115). It does not appear that licorice is the component material of chief value, rather it seems not to be. Besides it may well be doubted that the provision of paragraphs 40 and 48 of the respective acts

[1] T. D. 40268.

for extract of licorice should cover licorice when used as a component material in confectionery, even if of chief value. Commercially the merchandise is known as confectionery, and it should have been so classified under paragraphs 180 and 505 of the respective acts.

## United States Court of Customs Appeals, June 9, 1924.

APPEAL from Board of United States General Appraisers, G. A. 8716 (T. D. 39914).

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Ralph Folks,* special attorney, of counsel), for the United States.
*Walter Evans Hampton* for appellees.

[Oral argument April 10, 1924, by Mr. Folks and Mr. Hampton.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case was invoiced as "rubber bubbles." It consists of small hollow tubes of licorice candy to which are attached small uninflated balloons (so called) composed of rubber so flimsy as to be easily broken. On blowing through the hole in the tube the balloon is inflated. The licorice candy is edible.

One importation was made while the tariff act of 1913 was in force and the other was under the act of 1922.

All the merchandise was classified and assessed as toys; that subject to the act of 1913, under paragraph 342 thereof, and that subject to the act of 1922, under paragraph 414 thereof.

The Board of General Appraisers found under the evidence, and therein we concur, that in view of the definition of toys as laid down by this court in Illfelder *v.* United States (1 Ct. Cust. Appls. 109; T. D. 31115), none of the merchandise was dutiable as assessed.

The evidence clearly shows that these "rubber bubbles" are not playthings intended and designed for the amusement of children only and "by their very nature and character reasonably fitted for no other purpose."

The respective protests claimed classification in the alternative as confectionery under paragraph 180 of the act of 1913 and paragraph 505 of the act of 1922, or as licorice, extracts of, under paragraph 40 of the earlier act and paragraph 48 of the later one. The material parts of these paragraphs are as follows:

PAR. 180 (Act 1913). Sugar candy and all confectionery not specially provided for in this section.

PAR. 505 (Act 1922). Sugar candy and all confectionery not specially provided for.

PAR. 40 (Act 1913). Licorice, extracts of, in pastes, rolls, or other forms.

PAR. 48 (Act 1922). Licorice, extracts of, in pastes, rolls, or other forms.

The Government introduced no evidence in its behalf before the board, its attorney saying, "After investigation we are unable to obtain any testimony."

The evidence clearly shows that the merchandise is bought and sold in the trade under the general name of confectionery. When the rubber is inflated the so-called balloon part soon bursts, and the remainder is designed to be used as candy. It may be eaten and generally is, especially by children who use it.

The Board of General Appraisers found that the merchandise was removed from the confectionery paragraphs because paragraphs 40 and 48, respectively, more specifically provide for it.

In coming to this conclusion the board held that the evidence established that licorice was the component material of chief value in each article.

Regarding the tubes and rubber attachments as entireties, and it is not denied they are such, we think the board erred in holding that they were dutiable as licorice extracts. Their conclusion to that effect was based upon what we regard as a misunderstanding of the evidence.

A witness for importer testified that the value of the licorice in the merchandise was greater than the value of the rubber, but it is plain from his evidence that he regarded it as composed of only two things, licorice and rubber.

It was agreed by counsel that a typical sample of the merchandise should be submitted to a Government chemist for analysis for the purpose of ascertaining its ingredients, which was done. His report was as follows:

The sticks consist of licorice candy composed of cane sugar, glucose, and licorice extract. The weight of the five sticks (received in broken pieces) is 0.39 ounce average. The weight of the five rubber balloons is 0.08 ounce average.

It will be observed that this analysis shows, and the same fact was established by the testimony on the part of importer, that the sticks or tubes are composed not only of licorice extract but of cane sugar and glucose. The value of these two latter materials is not shown.

So far as appears from the testimony the value of either the cane sugar or the glucose may be greater than that of the licorice extract; hence there is not sufficient evidence to support the finding of the board that the licorice extract is the component material of chief value.

The crude material from which licorice extract is made is provided for in paragraphs 39 and 36 of the two acts, respectively, and it may well be doubted if paragraphs 40 and 48 thereof cover extract of licorice, when used as a component material, even though it be that

of chief value, in a commodity designed to be used, as in this case, and used as confectionery.—Wolff *v.* United States (71 Fed. 291).

We are of opinion that so much of the merchandise here as is dutiable under the act of 1913 should be classified as confectionery under paragraph 180 of that act, and that so much thereof as is dutiable under the act of 1922 should be likewise classified under paragraph 505 thereof.

The judgment of the Board of General Appraisers is reversed with directions that the merchandise be classified as above indicated.
*Reversed.*