UNITED STATES *v.* W. C. CARLSON (No. 3714)[1]

---

United States Court of Customs and Patent Appeals, March 19, 1934

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.
No appearance for appellee.

[Oral argument February 12, 1934, by Mr. Lawrence; submitted on record by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal by the United States from a judgment of the United States Customs Court holding certain merchandise imported by appellee to be dutiable as extracts of licorice at 20 per centum ad valorem under paragraph 47 of the Tariff Act of 1930. The Customs Court also denied a motion for rehearing made by the Government, and such denial is included in the Government's assignments of error.

The merchandise was classified by the collector under the provisions of paragraph 506, Tariff Act of 1930, at 40 per centum ad valorem as "sugar candy and all confectionery not specially provided for", the collector describing the merchandise in his report as "Confectionery."

Appellee protested said classification and assessment with duty, claiming the merchandise to be properly dutiable at 20 per centum ad valorem under paragraph 47 of said act. Alternative claims were made that the merchandise was dutiable under paragraph 1558 as a nonenumerated unmanufactured article or a nonenumerated manufactured article at 10 or 20 per centum ad valorem, respectively, or that it was dutiable under the paragraphs claimed by reason of similitude or of component material of chief value under paragraph 1559, or by virtue of section 502 (c) of said act. It appears from the record that the sole claim relied upon by the importer in the trial court was the one for classification and assessment with duty at 20 per centum ad valorem under paragraph 47 of said tariff act, and this is the only claim under said protest involved in this appeal.

The competing paragraphs of said tariff act, insofar as they are pertinent here, read as follows:

PAR. 506. Sugar candy and all confectionery not specially provided for, 40 percentum ad valorem * * *.

PAR. 47. Licorice, extracts of, in pastes, rolls, or other forms, 20 per centum ad valorem.

The Customs Court sustained the protest, as·hereinbefore indicated, and held the merchandise properly dutiable at 20 per centum ad valorem under paragraph 47 of said act, as claimed by the appellee, and the Government has taken this appeal.

At the trial in the Customs Court the following stipulation was made:

Mr. GOTTFRIED [attorney for appellee]. This case involves merchandise which was assessed as confectionery and is claimed as extracts of licorice in pastes, rolls, or other forms. The merchandise consisted of pastilles containing extracts of licorice with sugar and with some binding agent and we offer to so stipulate. We thereupon submit and ask that the plaintiff be granted 60 days after transcription of the record for brief. We submit on that statement of fact.

Mr. CANTY. Government agrees to the stipulation and submits, asking 20 days for reply.

The Government filed no brief in the lower court.

Said court in its decision, after relating the facts in the case, stated as follows:

One of the definitions given by the Standard Dictionary for pastille is:

3. A confection, variously flavored.

Nevertheless, we are persuaded that under the stipulation this commodity is more specifically provided for under paragraph 47 than under paragraph 506, inasmuch as the stipulation recites that the commodity contains extracts of licorice.

The protest should be sustained.

The appellee filed no brief and did not appear in this court.

It is not clear to us upon what theory the trial court sustained the protest of appellee. The court correctly stated that a pastille is defined to be "a confection, variously flavored." The effect of the stipulation hereinbefore quoted is that the imported merchandise consisted of a confection containing extracts of licorice with sugar and with some binding agent. The mere fact that a confection contains, as one of its ingredients, extracts of licorice, does not warrant the classification of such article under said paragraph 47. *United States* v. *Andrews & Co.*, 12 Ct. Cust. Appls. 258, T.D. 40268.

The parties having stipulated that the involved merchandise is a confection containing extracts of licorice, with sugar and a binding agent, we must find that it was properly classified by the collector, and the judgment of the United States Customs Court is *reversed*.