SCHARF BROS. CO., INC. *v.* UNITED STATES (No. 3955)[1]

United States Court of Customs and Patent Appeals, June 17, 1936

*Barnes, Richardson & Halstead* (*Joseph Schwartz* of counsel) for appellant.

*Joseph R. Jackson,* Assistant Attorney General (*Charles D. Lawrence,* Special Assistant to the Attorney General, and *William Whynman,* special attorney, of counsel), for the United States.

[Oral argument May 19, 1936, by Mr. Schwartz and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain so-called "Pontefract cakes," consisting in chief value of licorice, but also containing sugar, flour, treacle, glucose, gelatine, and caramel, in substantial quantites, dutiable as confectionery, not specially provided for, as assessed by the collector at the port of New York at 40 per centum ad valorem under paragraph 506 of the Tariff Act of 1930.

The importer protested, claiming the merchandise to be properly dutiable as an extract of licorice, at 20 per centum ad valorem under paragraph 47 of that act.

The competing paragraphs read:

PAR. 506. Sugar candy and all confectionery not specially provided for, 40 per centum ad valorem; sugar after being refined, when tinctured, colored, or in any way adulterated, 40 per centum ad valorem, but not less than the rate of duty provided in paragraph 501 for sugar of the same polariscopic test.

PAR. 47. Licorice, extracts of, in pastes, rolls, or other form, 20 per centum ad valorem.

---

[1] T. D. 48414.

We deem it unnecessary to extend this opinion by detailing the evidence in the case. It appears, however, from the testimony of the witness Lou Scharf, vice president of the appellant company, a manufacturer of confections, that licorice extract does not contain sugar. In this connection, we quote:

R. Q. Licorice extract does not contain sugar?—A. No, it is a powder, contains nothing but refined licorice extract.

In the Summary of Tariff Information, 1929, volume 1, page 240, the United States Tariff Commission reported as follows:

DESCRIPTION AND USES.—Licorice extract is marketed in the form of paste, solid mass, or powder. The paste is the principal form in commerce. About 85 per cent of the licorice extract is used in the tobacco industry, 10 per cent in confectionery, and 5 per cent in the drug trade.

PRODUCTION.—Licorice extract is made by hot water treatment of ground licorice root. The latter (dutiable under paragraph 36) [now free of duty under paragraph 1602 of the Tariff Act of 1930] is not raised in the United States; the entire domestic supply of the root is imported. There are three domestic manufacturers of licorice extract; in addition, some extract is prepared by tobacco manufacturers for their own use.

It is contended by counsel for appellant that, in accordance with the doctrine of legislative approval of judicial decisions, the issues in this case are controlled by the decision of the Board of General Appraisers (now United States Customs Court) in the case of *G. Mandelbaum & Co.* v. *United States*, T. D. 11571, G. A. 746, decided July 13, 1891, wherein it was held that certain "licorice pellets," consisting of "extracts of licorice, put up in small round boxes labeled 'pastilles de reglise a la violette,' " assessed for duty as a medicinal proprietary preparation under paragraph 75 of the tariff act of 1890, were dutiable as extracts of licorice, in all forms, under paragraph 33 of that act, which, with the exception of the rate of duty provided therein, is substantially the same as paragraph 47, *supra*.

There is nothing whatsoever in the decision in that case to indicate that the articles there involved consisted of anything other than an extract of licorice, with the possible exception of violet flavoring.

The merchandise in the case at bar, according to the decision of the collector, is a confectionery.

The words "confection" and "confectionery" are defined in Webster's New International Dictionary, respectively, as follows:

* * * A composition of different materials.

* * * *Pharm.* A composition of drugs; *specif.*, a soft solid made by incorporating a medicinal substance or substances with sugar, sirup, or honey. The pharmacopoeias formerly made a distinction between *conserves* and *electuaries*, but the distinction is now abandoned, and all are called *confections*. b. A prepared dish or dainty; now, a preparation of fruits or roots, etc., with sugar; a sweetmeat; comfit; preserve.

1. Sweetmeats, in general; things prepared and sold by a confectioner; confections; candies.

In the case of *United States* v. *Andrews & Co.*, 12 Ct. Cust. Appls. 258, T. D. 40268, this court, in holding that certain "small hollow tubes of licorice candy to which are attached small uninflated balloons (so called) composed of rubber so flimsy as to be easily broken," were dutiable as confectionery under paragraphs 180 of the tariff act of 1913, and 505 of the Tariff Act of 1922, made the following observations relative to the scope of paragraphs 40 and 48, respectively, of those acts:

The crude material from which licorice extract is made is provided for in paragraphs 39 and 36 of the two acts, respectively, and it may well be doubted if paragraphs 40 and 48 thereof cover extract of licorice, when used as a component material, even though it be that of chief value, in a commodity designed to be used, as in this case, and used as confectionery.—Wolff *v.* United States (71 Fed. 291).

Paragraphs 40 and 48 of the acts there in question read, respectively, as follows:

PAR. 40. Licorice, extracts of, in pastes, rolls, or other forms.
PAR. 48. Licorice, extracts of, in pastes, rolls, or other forms.

In the case of *United States* v. *W. C. Carlson*, 21 C. C. P. A. (Customs) 565, T. D. 46990, this court in holding certain pastilles "containing extracts of licorice, with sugar and some binding agent" dutiable as confectionery under paragraph 506, *supra*, said:

It is not clear to us upon what theory the trial court sustained the protest of appellee. The court correctly stated that a pastille is defined to be "a confection, variously flavored." The effect of the stipulation hereinbefore quoted is that the imported merchandise consisted of a confection containing extracts of licorice with sugar and with some binding agent. The mere fact that a confection contains, as one of its ingredients, extracts of licorice, does not warrant the classification of such article under said paragraph 47. *United States* v. *Andrews & Co.*, 12 Ct. Cust. Appls. 258, T. D. 40268.

It is true that in the cases above referred to, it did not appear affirmatively that the merchandise there involved consisted in chief value of an extract of licorice. Nevertheless, the observations made by this court in those cases, are applicable to the issues in the case at bar.

We think it is clear from the provisions of paragraph 47, *supra*, and the legislative history of the paragraph, that it was the purpose of the Congress to include within those provisions extracts of licorice in all forms, but that it did not intend to include therein confectionery, although composed in chief value of an extract of licorice. It is obvious from the evidence in the case at bar, that the involved merchandise is a confectionery. We are of opinion, therefore, that it is dutiable as such under paragraph 506, *supra*, as assessed by the collector, and as held by the trial court.

For the reasons stated, the judgment is *affirmed*.