UNIVERSAL SHIPPING Co. *et al. v.* UNITED STATES (No. 1030).[1]

1. SHEETS.

The term "sheets" is ordinarily applied to a broad general surface, and in paragraph 172, tariff act of 1909, may fairly be said to mean the sheet of the metal made in that form as one of the developments in the process of manufacture, and not intended to include the articles made from such sheets.

2. ALUMINUM SHEETS ADVANCED IN CONDITION.

The articles here are not sheets of aluminum within the meaning of paragraph 172, but have been advanced beyond that state and must be held to be articles or wares composed wholly of aluminum, partly manufactured, and dutiable under paragraph 199 of that act.

United States Court of Customs Appeals, May 23, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29817 (T. D. 32830).

[Reversed.]

*Lester C. Childs* for appellants.

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The importation involved in this appeal consists of certain merchandise cut from aluminum sheets into what are generally included under the term "blanks," and in two forms, one square and the other

---

[1] Reported in T. D. 33479 (24 Treas. Dec., 863).

cut in the form of a circle. They were assessed for duty under paragraph 172 as sheets of aluminum. The paragraph provides for "aluminum * * * in plates, sheets, bars, and rods, eleven cents per pound." The claim the importers made before the board, and which is made here, is that the articles should have been assessed under paragraph 199 as articles composed of aluminum partly or wholly manufactured, 45 per cent ad valorem, and the question involved is as to the relative specificity of these two paragraphs.

It is conceded in the Government's brief that the merchandise was covered by the provisions of paragraph 199 for articles composed of aluminum, whether partly or wholly manufactured. But it is claimed that the provision for aluminum in plates, sheets, etc., is a more specific provision and should control and govern the assessment, as the imported aluminum is in fact in the form of plates or sheets.

We agree with the contention of the importers that these are not sheets of aluminum within the meaning of paragraph 172 when that paragraph is considered in contrast with paragraph 199. The term "sheets" is ordinarily applied to a broad general surface, and in the connection in which it is used in paragraph 172 may fairly be said to mean the sheet of the metal made in that form as one of the developments in the process of manufacture, and not intended to include the articles made from such sheets. So as to the word "plate" in the case of Newman-Andrew Co. v. United States (2 Ct. Cust. Appls., 4; T. D. 31570), we cited with approval the definition from Lockwood's Dictionary of Engineering Terms that there given, namely, "a broad, thin sheet of metal." The Century Dictionary describes sheet as "a broad, usually flat, and relatively thin piece of anything," the Standard as "a very thin and broad piece of any substance," and Webster, "in general, any broad, uninterrupted expanse; a broad, thinly expanded portion of metal or other substance."

That these articles were once in the form of sheets is apparent. But they have been advanced beyond that state, and have become articles or wares composed wholly of aluminum, partly manufactured.

The cases cited in the brief of Government's counsel as to what constitutes a manufactured article have had full consideration, but those cases are not cases which deal with a provision such as that of paragraph 199 for articles or wares of aluminum *whether partly* or wholly manufactured, and are answered by the admission in the Government's brief that these articles do answer that description and fall within the provisions of paragraph 199 unless more specifically described in paragraph 172. They having been advanced, however, from the original condition of sheets, we think it follows that paragraph 199 contains the more specific designation.

The decision of the Board of General Appraisers is *reversed*, and reliquidation directed under paragraph 199.