GENERAL ELECTRIC CO. v. UNITED STATES (No. 1149).[1]

1. PROVISION FOR NONENUMERATED ARTICLES.
    Before the nonenumerated provision can be resorted to it must be found that the article is not fairly included within any of the enumerating clauses of the act.

2. SUBSTITUTE PLATINUM WIRE.
    The governing rules of construction here are well settled. This substitute for platinum wire is not platinum in wire. It is composed of two materials and is rather wire in platinum. It is not entitled to free entry.

United States Court of Customs Appeals, October 24, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31516 (T. D. 33242).
    [Affirmed.]
    *James O. Carr* for appellant.
    *William L. Wemple*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

        Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:
The merchandise is so-called "substitute platinum wire." These facts, evidenced by the record, may be concisely and accurately stated in excerpts from the brief of counsel for the appellant, as follows:

    The evidence of all of the witnesses who were examined upon the subject was to the effect that the platinum was in the form of a sleeve or tube passed over a fine wire

---

which supported the platinum sleeve or tube. The inside wire was an alloy of nickel and iron, but the platinum at no time became in any way amalgamated with the iron and nickel wire. * * *

The evidence shows that at no time does the platinum lose its identity or become in any way combined with any other material or substance; that the total weight of the shipment was 160 troy ounces; of that amount 36 per cent was platinum and the balance was composed of the iron and nickel wire. Assuming, therefore, that the weight of the core was 102.4 troy ounces and that this alloy is worth not to exceed thirty-two cents ($0.32) per ounce, the value of the core used to support the platinum sleeve is then $32.77 out of the total invoice value of the importation of $4,863. * * *

It may be stated that the use of the article is in the manufacture of incandescent electric bulbs, it being necessary in their structure to employ a wire passing into the globe which will not swell or contract in use when electricity is applied. It seems that platinum is the only known metal suitable for this purpose, and that this so-called substitute platinum wire has been found equally efficient, in that the sleeve or exposed portion is of platinum which resists with the same degree of efficiency the tendency to expand or contract with heat.

The merchandise was assessed for dutiable purposes by the collector at the port of New York at 35 per cent ad valorem under paragraph 135 of the tariff act of 1909, which reads:

135. * * * All other wire not specially provided for in this section, shall pay a duty of not less than thirty-five per centum ad valorem; * * *.

Protestant, who is appellant here, claimed that the wire is properly dutiable at 20 per cent ad valorem under paragraph 480 as a nonenumerated manufactured article; or that it is entitled to free entry under paragraph 653 as "platinum * * * in * * * wire," which reads:

653. Platinum, unmanufactured or in ingots, bars, plates, sheets, wire, sponge, or scrap, and vases, retorts, and other apparatus, vessels, and parts thereof, composed of platinum, for chemical uses.

The board overruled the protest, but declined to affirm the decision of the collector upon the authority of the decision by this court in Schloss Co. *v.* United States (3 Ct. Cust. Appls., 459, T. D. 33038).

The case is one which undoubtedly presents a hardship upon the importers in that were the merchandise entirely of platinum wire, within the provisions of paragraph 653 of the free list of the tariff act of 1909, it would be entitled to free entry. The substitute, an inferior article, however, by reason of its composition, though used for the same purposes, is subject to a rate of duty which actually makes its cost to the importer equal to that of the genuine wire While there is an equitable feature to the case in favor of the importer's contention, it does not rest with this court, but with Congress, to extend the language of the tariff act so that as interpreted it will

meet the purposes of the individual case. Such a deviation from the well-settled rules of construction by the court must inevitably and always lead to such a disturbance of the application of these well-known rules of tariff construction as will visit inequality upon importers and bring endless conflict in the application of the law in future cases. The court deems this suggestion pertinent in view of the closing paragraph of appellant's brief, wherein an appeal has been made to the court to apply equity rather than the well-known rules of construction in the particular case.

The appellant's legal contentions are twofold. It is first insisted that the merchandise is within the literal meaning of "platinum * * * *in* * *·* wire" as those words are used in said paragraph 653 of the free list. At first thought the words appear to bear such a literal construction, but on reflection it will be seen that if we are to adhere to the strict literal meaning of the words as applied to the imported article the importation is not of platinum *in* wire, but rather of *wire* in *platinum;* for the platinum constitutes the sleeve or inclosure within which is imported the nickeliferous wire as a core. ·

The other contention of importer, and the case was presented with marked ingenuity and ability, is that the imported article is substantially wholly of platinum and therefore within paragraph 653 of the free list, the core being an unsubstantial or negligible quantity. We do not think the facts as recited in the importer's brief and quoted *supra* support this contention. It is admitted that but 36 per cent in volume of the importation is platinum, the remaining 64 per cent being of nickeliferous wire. The major portion, therefore, of the article is not of platinum. The core of the wire, or core wire, which gives shape and resistance to the platinum and forms the major portion of the article itself being of a material other than platinum, this court is unable to say that such constitutes an insignificant, immaterial, or negligible portion of the article as imported.

The contention of the appellant that the article being composed of two materials may be classed as a nonenumerated manufactured article encounters well settled decisions of this and the Supreme Court by reason of the fact that it is plainly and unquestionably included within an enumerated class of articles in the dutiable list of the tariff act, to wit, paragraph 199, and before the nonenumerated provision can be resorted to it must be found that the article is not fairly included within any of the enumerating clauses of the act. Arthur *v.* Butterfield (125 U. S., 70); Arthur *v.* Sussfield (96 U. S., 128).

Paragraph 199 provides for—

Articles or wares not specially provided for in this section, composed wholly or in part of iron, * * * nickel, * * * or other metal, and whether partly or wholly manufactured, * * *.

This obviously is a sufficient designation for the wire to exclude it from the similitude provision.

Without here deciding under what provision of the tariff act this article is properly dutiable, and without affirming the decision of the collector, the decision of the Board of General Appraisers is *affirmed.*