SELIGMANN *et al. v.* UNITED STATES (No. 1447).[1]

ALUMINUM IN COILS.

Sheet aluminum and aluminum in sheets are not the same, and proof of a commercial designation of the first is not applicable to the other article. But aluminum in coils, the goods here, differs inherently from aluminum in sheets, and the testimony sustains this view. The aluminum coils were properly held dutiable under paragraph 199, tariff act of 1909.

## United States Court of Customs Appeals, April 14, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36215 (T. D. 34677).

[Affirmed.]

*B. A. Levett* (*Robert L. Hoguet* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

We quote the paragraphs of the tariff act of 1909, the application of which is involved in this case.

172. Aluminum, aluminum scrap, and alloys of any kind in which aluminum is the component material of chief value, in crude form, seven cents per pound; in plates, sheets, bars, and rods, eleven cents per pound; * * *.

199. Articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

The question is under which of these two paragraphs aluminum in coils measuring from 2 to 7 inches in width and of varying lengths is dutiable. It was assessed under paragraph 199 as a manufacture of aluminum, and is claimed to be dutiable under paragraph 172 as aluminum in sheets.

The Board of General Appraisers sustained the assessment on the authority of Universal Shipping Co. *v.* United States (4 Ct. Cust. Appls., 245; T. D. 33479), saying that merchandise precisely similar was passed upon in that case. Referring thereto it appears that the merchandise was cut from aluminum sheets into "blanks" in two forms, one square and the other cut into the form of a circle. It was there said that—

The term "sheets" is ordinarily applied to a broad general surface, and in the connection in which it is used in paragraph 172 may fairly be said to mean the sheet of the metal made in that form as one of the developments in the process of manufacture, and not intended to include the articles made from such sheets.

It was held that the merchandise under consideration there was not classifiable as aluminum in sheets, but was classifiable as articles composed of aluminum under paragraph 199.

The importers seek to avoid the controlling effect of that decision by evidence tending to show that the merchandise here was so com-

[1] Reported in T. D. 35336 (28 Treas. Dec., 667).

mercially known as to bring it within paragraph 172, and the board found that prior to the passage of the act of 1909 the merchandise was "definitely, uniformly, and generally recognized in the trade and commerce of this country as sheet aluminum."

We do not think this accomplishes the importers' object, even if it be conceded for the purposes of the argument that the term "aluminum in sheets" in paragraph 172 is susceptible of proof of commercial designation. Proof that the merchandise is commercially known as "sheet aluminum" is not proof that it is known as "aluminum in sheets," which would be necessary. It is, too, somewhat difficult to believe that aluminum in coils is commercially known as aluminum in sheets, while conceivably it might be known as sheet aluminum. No one could claim that coiled aluminum was aluminum in sheets, because the very idea of sheets—a broad thin piece of anything— naturally excludes a coiled substance.

In other words, coils and sheets are inherently and irreconcilably different, and the coils in this case evidently have been made from sheets of aluminum, as was the merchandise in the Universal Shipping Co. case, *supra*.

The witnesses in the case at bar, although testifying that this merchandise was commercially known as sheet aluminum and thereby justifying the board's finding, said, in substance, that its more precise term as used in commercial transactions was sheet aluminum in coils. To illustrate, Mr. Kempton, who perhaps showed as great experience in the business as any of the importers' four witnesses (the Government called none), when asked, "By what name do you buy it?" answered, "Sheet aluminum in coils. We always specify that aluminum in coils or rolls." And again, referring to conversations with various representatives of dealers in this merchandise offered as tending to show its commercial designation, was asked, "What did you talk about?" He answered "Sheet aluminum, sheets and coils. When you say sheets, it means flat sheets and when you say sheets in coils it means in coils."

We think further discussion of the law and facts is unnecessary and that the judgment of the Board of General Appraisers ought to be, and therefore is, *affirmed*.