PACKAGE MACHINERY CO. *v.* UNITED STATES (NO. 4718)[1]

United States Court of Customs and Patent Appeals, June 17, 1953

*Joseph F. Lockett* and *Walter E. Doherty, Jr.,* for appellant.

*Charles J. Wagner,* Acting Assistant Attorney General (*Richard E. FitzGibbon* and *Alfred A. Taylor., Jr.,* special attorneys, of counsel), for the United States.

[1] C. A. D. 530.

[Oral argument April 17, 1953, by Mr. Doherty and Mr. FitzGibbon]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, rendered pursuant to its decision, C. D. 1354, overruling the protest filed by appellant against the rate of duty applied by the Collector of Customs on certain machines imported from Canada.

Appellant is engaged in the business of manufacturing and selling various machines for wrapping or packaging a variety of products, said products including both individual pieces of candy and assorted boxes of candy. It is apparent from the record in this case that separate machines are used for each of the above purposes. During the war years appellant had a number of orders for candy box wrapping machines which it could not fill due to essential war work being done in its manufacturing plant. When pressed by its customers for the ordered machines, appellant had the Phin Sales Company of Toronto, Canada manufacture such machines to appellant's usual specifications and caused the machines to be shipped to appellant as purchaser. The machines, 31 in number, were subsequently imported at various times during 1947 at the sub-Port of Springfield, Massachusetts, and are the subject matter of this protest.

In January 1949 the entries were classified on liquidation under par. 353 of the Tariff Act of 1930, as amended by the Trade Agreement with the United Kingdom, T. D. 49753, as dutiable at the rate of 27½% ad valorem, the duty for machines not specifically provided for and having as an essential feature an electrical element or device. Appellant protested this classification on the belief that the machines were machines for wrapping candy, specifically provided for in either par. 353 or 372, and dutiable at the rate of 17½% ad valorem. Appellant also claimed, in the alternative, that the machines were classifiable by similitude under par. 1559 of the Tariff Act of 1930, as machines similar in material, quality, texture or use to the machines specified in either par. 353 or 372 and dutiable at the rate of 17½% ad valorem, or classifiable under par. 1558 as non-enumerated manufactured articles and dutiable at the rate of 20% ad valorem.

The pertinent provisions of par. 353 and 372 of the Tariff Act of 1930, as amended by the Trade Agreement with the United Kingdom, T. D. 49753, are as follows:

Par. 353—Machines for packaging pipe tobacco, machines for wrapping cigarette packages, and machines for wrapping candy; combination candy cutting and wrapping machines; all the foregoing having as an essential feature an electrical element or device, finished or unfinished, wholly or in chief value of metal, and not specially provided for—17½% ad val.

Machines having as an essential feature an electrical element or device and which would be dutiable under paragraph 372, Tariff Act of 1930, if of a kind which could be designed to operate without such electrical element or device (except articles of a class or kind with respect to which United States import duties have been reduced or bound against increase pursuant to any agreement heretofore concluded under section 350 of such act, as amended); all the foregoing, not specially provided for, finished or unfinished, wholly or in chief value of metal, and not provided for heretofore in any item numbered 353 in this schedule—27½% ad val.

Par. 372—Machines for packaging pipe tobacco, machines for wrapping cigarette packages, and machines for wrapping candy; combination candy cutting and wrapping machines; all the foregoing, finished or unfinished, not specially provided for—17½% ad val.

## The pertinent provisions of the Tariff Act of 1930 are as follows:

Par. 372. * * *; all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem: * * *.

Par. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

Par. 1559. That each and every imported article, not enumerated in this chapter, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this chapter as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

The issue before this court is to determine whether or not the machines in question are "machines for wrapping candy" as provided for in par. 353 of the Tariff Act of 1930 as amended by the Trade Agreement with the United Kingdom, T. D. 49753, *supra*. Par. 372 of said Act, as amended by said Trade Agreement, *supra*, is not applicable since appellant has conceded that all of the machines in question have "as an essential feature an electrical element or device." If the machines are not "machines for wrapping candy", within the meaning of said Trade Agreement, then we must determine whether they are dutiable at 27½% ad valorem under the second provision of par. 353, as amended, *supra*, or whether they are dutiable by similitude under par. 1559, *supra*, or under par. 1558, *supra*, as non-enumerated manufactured articles.

Appellant bases his argument that the machines are "machines for wrapping candy" under par. 353, as amended, *supra*, on the uncontroverted testimony of its witnesses before the Customs Court. The witnesses there all testified that their understanding of the term "wrapping candy" included the wrapping of boxes of candy. Apparently on the basis of their testimony appellant believes we should decide that the common meaning of the term "wrapping candy" includes the wrapping of boxes of candy and, therefore, the machines in question are "machines for wrapping candy" under the provision

of par. 353, as amended, *supra*. To support this theory appellant cites the case of *United States* v. *Vanderveert-Barney Dry Goods Co.*, 18 C. C. P. A. (Customs) 279, T. D. 44450. In that case there was a question as to the common meaning of the term "hemstitch." Both technical books on sewing and dictionaries were consulted by the parties to the dispute and a definite disagreement was noted between the technical books and the dictionaries. However, competent witnesses for the Dry Goods Co. testified as to their understanding of the term in dispute. In deciding the case in favor of the Dry Goods Co. we said, at page 282:

Of course courts are not bound by the testimony of witnesses as to the common meaning of a statutory term, *but when, as in the case at bar, lexicographers and technical authorities disagree*, the uncontradicted testimony of competent witnesses as to the common meaning of such term is entitled to great weight. (Emphasis added.)

In the instant case there were no technical books consulted and the various dictionaries quoted by both parties herein, as well as the ones referred to by us, are in substantial agreement as to the meaning of "wrapping" and "candy." Therefore, we are of the opinion that the position adopted by us in the recently decided case of *American Express Co.* v. *United States*, 39 C. C. P. A. (Customs) 8, C. A. D. 456, is the proper one to take here. In that case, at page 10, we said:

It may be properly observed here that the common meaning of a descriptive term used in a tariff act is a matter of law to be decided by the court and that while the testimony of witnesses as to the common meaning may be received, it is clearly advisory and the court is not bound by such testimony. * * *. Therefore, neither the trial court nor this court is bound by the testimony appearing in the record.

This is the consistent position taken by us and by our predecessor, the United States Court of Customs Appeals, when the record contains testimony as to the common meaning of a term in dispute. *Stephen Rug Mills* v. *United States*, 32 C. C. P. A. (Customs) 110, C. A. D. 293; *United States* v. *Florea & Co.*, 25 C. C. P. A. (Customs) 292, T. D. 49396; *United States* v. *John B. Stetson Co.*, 21 C. C. P. A. (Customs) 3, T. D. 46319; *United States* v. *North American Mercantile Co.*, 17 C. C. P. A. (Customs) 378, T. D. 43820; *United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, T. D. 43090. In view of the above we consider the testimony of appellant's witnesses as advisory only and we will accord to such testimony such weight as we deem proper.

The following are some of the definitions given in Webster's New International Dictionary of the English Language, 1939 and 1948 Editions, for the noun "candy" and the verb "wrap":

WRAP, v., 1. to cover by winding or folding; to infold or enshroud in a garment. * * * 3. to envelop, as with paper, and secure, as with string, for protection

during or convenience or suitableness for, transportation or storage, to inclose, in a package, parcel or bundle * * *.

CANDY, n., 1. Sugar crystals or a hard crystalline mass formed by evaporating or boiling cane sugar, a sirup, or the like, to a certain point; also, a confection covered with these crystals or broken from this mass. * * * 3. A food product made principally from cane or beet sugar boiled to the desired density, enriched or varied by the addition of fruits, nuts, chocolate, milk products, flavors and colors, molded or worked into various shapes or forms of a solid or semi solid consistency, and, often, variously coated * * *.

Other dictionaries which were referred to provided substantially the same definitions for the words.

From the above definitions it can be seen that "wrapping" broadly means to wind or fold something about another thing to cover it, and that "candy" is a confection made by boiling cane sugar, sirup, or the like, and may have fruits, etc. added to it. These are substantially the meanings we understand the words to have apart from any specific definition given in the various reference books. Since "wrapping" is winding or folding and "candy" is a type of confection, it would seem to us that the term "wrapping candy" would normally mean to wind or fold the confection in some sort of covering material. If the candy or confection is to be wound in the covering material it would seem to preclude the idea of first placing the candy in some sort of box or container and then winding a covering material about the box or container. The latter act would appear to be wrapping the box or container, and this is true irrespective of whether the box or container contained candy, some other product, or nothing at all. Therefore, we are of the opinion that "wrapping candy" means to wrap or wind a covering material directly around the candy and not around some type of box or container that might be filled with candy.

Our view that this is the correct meaning is strengthened by the exhibit introduced by appellee at the trial in the Customs Court. This exhibit is a circular or catalog put out by appellant entitled "Forgrove Candy Wrapping Machines" and picturing on the cover various pieces of individually wrapped candy. The circular describes three types of machines for cutting candy and wrapping the individual pieces, and three machines for wrapping individual pieces of pre-formed candy. It is noted that the circular does not describe or even mention any machines for wrapping boxes of candy. From this circular it appears that appellant considers a candy wrapping machine to be a machine for wrapping individual pieces of candy as far as its sales are concerned.

Both appellant and appellee have called our attention to the Trade Agreement between the United States and the United Kingdom, Digest of Trade Data, with Respect to Products on which Concessions were Granted by the United States, Vol. IV, pages 3–83 and 3–84, to aid us in understanding the term "machines for wrapping candy"

as used in said Trade Agreement. However, we do not consider the term ambiguous or doubtful and therefore, will not consider the material in this opinion. As we have said many times, where there is no ambiguity or doubt, there is no need for construction and hence, no need to resort to extraneous aids. *Thorens, Inc.* v. *United States*, 31 C. C. P. A. (Customs) 125, C. A. D. 261. See also, *Railroad Commission of Wisconsin et al.* v. *Chicago, Burlington & Quincy Railroad Co.*, 257 U. S. 563.

Having reached the conclusion that the machines in question are not "machines for wrapping candy" as provided for in par. 353, as amended, *supra*, we next consider whether the collector's classification under the second provision of par. 353, as amended, *supra*, is correct, or whether the alternative classification urged by appellant under either par. 1558 or par. 1559 is the correct classification of the imported merchandise.

Par. 353, as amended, *supra*, provides in part:

Machines having as an essential feature an electrical element or device and which would be dutiable under paragraph 372, Tariff Act of 1930, if of a kind which could be designed to operate without such electrical element or device * * * not provided for heretofore in any item numbered 353 in this schedule—27½% ad val.

This would seem to be a general enumeration of the machines imported by appellant since appellant has conceded that its machines have as an essential feature an electrical element or device, and it cannot be doubted that the imported machines would be dutiable under the general provision for:

* * * all other machines, finished or unfinished, not specifically provided for, 27½ per centum ad valorem * * *.

of par. 372 of the Tariff Act of 1930 if they did not include the essential electrical element or device. If the machines in question are enumerated under a general provision of the tariff act then they cannot come under the similitude paragraph since this paragraph only applies to nonenumerated articles. *Moscahlades Bros.* v. *United States*, 13 Ct. Cust. Appls. 633, T. D. 41482. See also, *P. Silverman & Son* v. *United States*, 32 C. C. P. A. (Customs) 99, C. A. D. 292. Similarly, if it be found that an article is fairly included within any of the enumerating clauses of the tariff act then one cannot resort to the nonenumerated provision of the act. *General Electric Co.* v. *United States*, 4 Ct. Cust. Appls. 398, T. D. 33839. See also, *Arthur* v. *Butterfield*, 125 U. S. 70; *Arthur* v. *Sussfield*, 96 U. S. 128. Therefore, we are of the opinion that the machines in question are properly enumerated in the second provision of par. 353, as amended, *supra*, and that neither par. 1558 nor par. 1559, *supra*, have any application to the classification of the machines involved herein.

For the reasons hereinbefore stated we hold that the imported machines are not "machines for wrapping candy" and that the collector properly classified said machines under the second provision of par. 353, as amended, *supra*.

The judgment appealed from is *affirmed*.