## MASON *v.* ROBERTSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 277. Argued April 1, 1891. — Decided April 13, 1891.

Under the act of March 3, 1883, c. 121, § 6, bichromate of soda is subject to the duty of twenty-five per cent ad valorem, imposed by Schedule A upon " all chemical compounds and salts, by whatever name known ; " and is not subject, by virtue of the similitude clause, to the duty of three cents per pound, imposed by that schedule on bichromate of potash.

THIS was an action by importers against a former collector of the port of New York to recover back duties of three cents a pound, exacted by the defendant in 1885, and paid by the plaintiffs under protest, on thirty casks of bichromate of soda, weighing 17,227 pounds, and valued at 3325 marks.

The provisions of the act of March 3, 1883, c. 121, § 6, relied on by either party, were as follows :

" SEC. 2499. There shall be levied, collected and paid on each and every non-enumerated article which bears a similitude, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this title as chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned; and if any non-enumerated article equally resembles two or more enumerated articles on which different rates are chargeable, there shall be levied, collected and paid on such non-enumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest duty ; and on all articles manufactured from two or more materials the duty shall be assessed at the highest rates at which the component material of chief value may be chargeable."

" SEC. 2502. There shall be levied, collected and paid upon all articles imported from foreign countries, and mentioned in the schedules herein contained, the rates of duty which are by the schedules respectively prescribed, namely :

" SCHEDULE A — CHEMICAL PRODUCTS."

" Bichromate of potash, three cents per pound."

" All preparations known as essential oils, expressed oils, distilled oils, rendered oils, alkalies, alkaloids and all combinations of any of the foregoing, and all chemical compounds and salts, by whatever name known, and not specially enumerated or provided for in this act, twenty-five per centum ad valorem." 22 Stat. 491, 493, 494.

At the trial it appeared that bichromate of soda was a chemical salt, composed of chromic acid and sodium, which, though long known to chemists, had come into commercial use

since 1883; that it resembled in appearance bichromate of potash, which was composed of chromic acid and potassium; and that both were used to produce chrome yellow and other colors, although bichromate of soda was less soluble, and less valuable for producing some colors, than bichromate of potash.

The plaintiffs, in their protest, and at the trial, insisted that bichromate of soda was a chemical compound and salt, "not specially enumerated or provided for in this act," within the meaning of Schedule A, and was therefore dutiable under that schedule at twenty-five per cent ad valorem; and requested the judge to direct a verdict in their favor.

But the judge ruled, in accordance with the decision of the collector, that bichromate of soda was subject to a duty of three cents a pound under § 2499, as a "non-enumerated article," which bore a similitude, in the use to which it was applied, to bichromate of potash; declined to submit the question of similitude to the jury; and directed a verdict for the defendant. 29 Fed. Rep. 684. The plaintiff alleged exceptions, and sued out this writ of error.

*Mr. Edward Hartley* (with whom was *Mr. Walter H. Coleman* on the brief) for plaintiff in error.

*Mr. Assistant Attorney General Parker* for defendant in error.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The ruling below was in accordance with decisions in other circuits. *Biddle* v. *Hartranft*, 29 Fed. Rep. 90; *Lloyd* v. *McWilliams*, 31 Fed. Rep. 261. But it appears to us to have proceeded upon an erroneous view of the statute, as applied to the case before the court.

The general scope of the similitude clause in the customs acts is defined in a recent judgment of this court, delivered by Mr. Justice Field, as follows: "To place articles among those designated as enumerated, it is not necessary that they should be specifically mentioned. It is sufficient that they are

designated in any way to distinguish them from other articles. Thus, the words 'manufactures of which steel is a component part,' and 'manufactures of which glass is a component part,' have been held a sufficient designation to render the goods enumerated articles under the statute, and take them out of the similitude clause. *Arthur* v. *Sussfield*, 96 U. S. 128. Upon the same principle, 'manufactures of hair' must be held a sufficient designation to place such manufactures among the enumerated articles." *Arthur* v. *Butterfield*, 125 U. S. 70, 76, 77. So the description, "manufactures composed wholly of cotton," or even "manufactures of cotton," has been held to be a sufficient enumeration. *Stuart* v. *Maxwell*, 16 How. 150; *Fisk* v. *Arthur*, 103 U. S. 431. See also *Hartranft* v. *Meyer*, 135 U. S. 237.

In the customs act of 1883, Schedule A, entitled "Chemical Products," besides defining the duties on more than a hundred kinds of such products, makes the duty on "all chemical compounds and salts, by whatever name known, and not specially enumerated or provided for in this act, twenty-five per centum ad valorem." The designation, "all chemical compounds and salts, by whatever name known," includes all chemical compounds and chemical salts, used then or thereafter in any science or art, as clearly as if the proper names of each and all of them had been given. Bichromate of soda, being undoubtedly a chemical compound and a chemical salt, is within the very words of the schedule, and cannot therefore be treated as a non-enumerated article, within the similitude clause. The manifest intent of Congress was that every kind of chemical compound and of chemical salt, by whatever name known, should have a fixed rate of duty, to be ascertained quickly and easily by the schedule of chemical products, without entering upon a comparison, under the similitude clause, of "material, quality, texture or the use to which it may be applied," which, though affording a convenient and valuable test as applied to many articles of manufacture, would often be found difficult of application to chemical products, without such scientific knowledge and investigation as could not be expected of custom-house officers.

It was argued for the United States that this conclusion would be inconsistent with the decisions in *Stuart* v. *Maxwell,* 16 How.. 150, and in *Arthur* v. *Fox,* 108 U. S. 125. But we cannot perceive any such inconsistency. In neither of those cases was there any question between the similitude clause and a clause specially enumerating, describing or designating a particular class of goods. In *Stuart* v. *Maxwell,* the question was between the similitude clause and a general clause covering "all goods, wares and merchandise, imported from foreign countries, and not specially provided for in this act." Act of July 30, 1846, c. 74, § 3; 9 Stat. 43. In *Arthur* v. *Fox,* the question was between successive sentences of the similitude clause itself, as applied to an article admitted not to be enumerated.

*Judgment reversed, and case remanded with directions to set aside the verdict, and to take further proceedings in conformity with this opinion.*