UNITED STATES v. BERLINGER, BROWN & MEYER.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 142 (4,855).

CUSTOMS DUTIES (§ 26*) — CLASSIFICATION— MILLINERY ARTICLES—ADVANCED— MANUFACTURED "ARTICLES IN PART OF METAL"—"FEATHERS ADVANCED OR MANUFACTURED."

Millinery articles, made almost wholly of feathers, but containing a small quantity of wire, which was an important feature of their construction, are dutiable as "articles in part of metal," under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645), rather than as "feathers advanced or manufactured," under Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 59; Dec. Dig. § 26.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

There was no opinion below; the court affirming a decision of the Board of United States General Appraisers (G. A. 6,537, T. D. 27,-888), which had reversed the assessment of duty by the collector of customs at the port of New York. The opinion of the Board of General Appraisers reads as follows:

McCLELLAND, General Appraiser. The merchandise which is the subject of these protests was assessed for duty at the rate of 50 per cent. ad valorem under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675). Various claims are made for rates of duty other than that assessed. The exhibits are described as "wings," "sweeps," "pompons," "hats," and "birds." All of them are made principally of feathers, which concededly have been advanced by various processes beyond the crude state; but wire is also a component in the construction of all of the articles, cotton and buckram being components in some of them. The question at issue is whether duty was properly assessed on the merchandise as feathers, dressed, colored, or otherwise advanced or manufactured in any manner.

The evidence shows that each article is artificially constructed; and it is contended on behalf of protestants that, since the only provisions for feathers

in the existing tariff act are contained in paragraph 425, and these being only for feathers crude, manufactured, or ornamental, it was an unwarranted stretch of these provisions to classify thereunder articles made of feathers and other materials, even though feathers be in fact the component thereof of chief value. In G. A. 6,467 (T. D. 27,673) the board recently passed upon a similar question involving the classification of feather boas, which were made by stringing feathers upon a cord, and the conclusion in that case was that, since the boas were made of dressed feathers and cord, the feathers being the component material of chief value, there being no special provision for manufactures of feathers, they were properly dutiable at the rate of 50 per cent. ad valorem, as provided in paragraph 425, under the application of the provision of section 7 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1694]), which reads: "And on articles not enumerated, manufactured of two or more materials, duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material of chief value."

This case, however, presents a different situation. Like the boas, these articles are manufactures in chief value of feathers and not specially provided for; but it is not to be overlooked that metal wire plays an important part in their construction. The respective shapes of the articles are due almost, if not entirely, to the use of such wire, and this forces us to consider whether, in the absence of any more specific provision, such merchandise is not provided for in paragraph 193, Schedule C, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645), which reads as follows: "Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured. forty-five per centum ad valorem."

The merchandise is certainly not directly dutiable under paragraph 425, and we are of the opinion that neither of the provisions of section 7 may be invoked to make it so, since metal is a component part in the manufacture thereof. Hamano v. U. S. (D. C.) 1 Estee's Hawaiian Rep. 344, T. D. 24,946

One of the claims made is that the merchandise is dutiable at the rate of 45 per cent. ad valorem under the provisions of said paragraph 193, and to that extent the protests are sustained. They are overruled in all other respects, and the decisions of the collector are modified accordingly.

J. Osgood Nichols, Asst. U. S. Atty.

Kammerlohr & Duffy (John Giblon Duffy, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Decision of Circuit Court affirmed.