UNITED STATES v. WANAMAKER.

(Circuit Court of Appeals, Third Circuit. February 12, 1910.)

No. 65 (1,973).

1. CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—ARTIFICIAL SILK HATS—SIMILI-
TUDE.
    Artificial silk hats are dutiable under Tariff Act July 24, 1897, c. 11,
§ 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), by
similitude to silk wearing apparel.
    [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec.
Dig. § 44.*]

2. CUSTOMS DUTIES (§ 82*)—PROTEST—SUFFICIENCY.
    A protest referring to "hats made from so-called artificial silk" cannot
be construed as relating to hats made from real horsehair.
    [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 198;
Dec. Dig. § 82.*]

Appeal from the Circuit Court of the United States for the Eastern
District of Pennsylvania.

For decision below, see 169 Fed. 664, reversing a decision by the
Board of United States General Appraisers (G. A. 6,606 [T. D.
28,217]), which had affirmed the assessment of duty by the collector of
customs at the port of Philadelphia.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker, of
counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for the
importer.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal by the United
States from a decision of the court below holding certain importations
of hats by John Wanamaker, the appellee, should be classified under
Act July 24, 1897, c. 11, § 11, Schedule N, par. 409, 30 Stat. 189 (U.
S. Comp. St. 1901, p. 1673). The decision of the case turns, we may
say, very largely on the identity of the import, and emphasizes that in-
valuable maxim:

"Before you begin to apply the law, settle your facts."

Let us, then, first ascertain what the importation was, for on that
fact the case rests.

Turning to the record, we find that John Wanamaker on April 6,
1905, filed protest No. 27,836 with the collector at Philadelphia,
against—

"payment of duty at rate of 60 per cent. ad valorem as assessed by you on
'hats' made from so-called 'artificial silk,' * * * samples herewith."

This protest was received by the collector, numbered 163,330, and
indorsed:

"Subject: Hats made from so-called artificial silk."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On June 13, 1905, the appraiser made report to the collector:

"That, in the matter of protest No. 27,836, the goods are articles made of artificial silk," and that "the return of the goods for duty as wearing apparel composed of silk, under paragraph 390, by virtue of application of section 7, was correct."

On June 15, 1905, the collector transmitted the protest and submitted the matter by a written report to the Board of Appraisers, with four inclosures. While this report was indorsed by the Board as Nos. 163,330 and 163,331, yet in identifying the contents the report is also indorsed:

"Transmits protest of John Wanamaker, 27,834. Entry and invoice with protest No. 163,213. Artificial silk, par. 390, sec. 7. No. of inclosures, 4."

These numbers, viz., 27,834 and 163,213, are not those of the original protest, namely, 27,836 and 163,330. On May 22, 1906, the appraiser reported to the General Appraisers that analysis of—

"sample of hat marked A, protest 163.330/1, * * * consists of horsehair, cotton, paper, and metal, horsehair being the component material of chief value."

On May 28, 1907, the General Appraisers affirmed the collector, holding that "the goods are properly dutiable as assessed, under paragraph 390, by similitude to silk wearing apparel," and saying:

"Considerable testimony was offered by the importer at the hearing on the protest, but as far as the importation in question is concerned the testimony is a sort of academic symposium on the dutiable classification of horsehair hats. It is not connected in any way with the merchandise which is the subject of the protest. On the contrary, there is a glaring discrepancy between the pleading and the proof, in that the merchandise to which the protest refers is described therein by the importer as hats made of artificial silk, while the testimony, such as it is, contains no proof as to such goods, and the sample in evidence is in fact a hat made of real horsehair. There are many different items of hats on the invoice, but there is nothing in the record to show which of them are covered by the protest, and no attempt was made to identify them with the terms of the protest. Consequently, even if we were of the opinion that on the general question involved the importer's contention is the correct one, we should be unable to make a finding of fact on which we could base a ruling of law."

On appeal, the court below held:

"The merchandise in question is untrimmed hats made of horsehair, and was assessed for duty by the Board of General Appraisers under paragraph 390 by similitude to silk wearing apparel"—

and assessed it under paragraph 490.

We are of opinion that under the protest filed the court below did not have before it the question of the assessment of hats made from real horsehair, for no such protest was made. On the contrary, the question before that court was the one raised before the collector by the protest, namely, whether certain articles made from artificial silk are dutiable under that section, or, by the similitude clause, under paragraph 390, which covers:

"Laces, and articles made wholly or in part of lace, edgings, insertings, galloons, chiffon or other flouncings, nets or nettings and veilings, neck rufflings, ruchings, braids, fringes, trimmings, embroideries and articles embroidered by

hand or machinery, tamboured or appliquéed, clothing ready made, and articles of wearing apparel of every description, including knit goods, made up or manufactured in whole or in part by the tailor, seamstress, or manufacturer; all of the above-named articles made of silk, or of which silk is the component material of chief value, not specially provided for in this act, and silk goods ornamented with beads or spangles, of whatever material composed, sixty per centum ad valorem; provided, that any wearing apparel or other articles provided for in this paragraph (except gloves) when composed in part of india rubber, shall be subject to a duty of sixty per centum ad valorem."

On that question, under the authorities—Mason v. Robertson, 139 U. S. 624, 11 Sup. Ct. 668, 35 L. Ed. 923; Arthur v. Butterfield, 125 U. S. 70, 8 Sup. Ct. 714, 31 L. Ed. 643; Arthur v. Fox, 108 U. S. 125, 2 Sup. Ct. 371, 27 L. Ed. 675—we agree with the General Appraisers in holding that the protested importation made from so-called artificial silk was assessable under paragraph 390 by similitude to silk wearing apparel.

The decree of the Circuit Court is therefore reversed, and the decision of the General Appraisers affirmed.