BEFORE THE SECOND DIVISION, DECEMBER 17, 1940

**No. 44982.**—Protests 756493–G, etc., of United Nets Corporation (Providence).

TILSON, Judge: The three suits listed above were filed by the plaintiff seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties on imported merchandise. The collector levied duty on the merchandise at 90 percent under paragraph 1529 (a), Tariff Act of 1930, as fabrics or articles made on a net machine. The plaintiff claims the same to be properly dutiable at only 60 percent ad valorem under paragraph 1529 (c) of the same act as elastic fabrics of whatever material composed, woven, and in part of india rubber.

At the trial of this case counsel for the respective parties agreed in open court that the merchandise in these suits consists of elastic fabrics, in chief value of yarns, threads, or filaments, and in part of india rubber, and that the same was made on a net machine. Counsel for the plaintiff then called one witness for the purpose of establishing that this elastic fabric is a woven fabric.

The witness testified that the net machine upon which the merchandise in this case is produced was so operated that it weaves this material, and gave good and sufficient reasons why this was true. No testimony was offered to rebut the above and therefore the same stands uncontradicted.

We find from the evidence in this case that the merchandise was woven. Combining the stipulation with the established fact, the merchandise in this case consists of elastic fabrics, in chief value of yarns, threads, or filaments, woven, in part of india rubber, and made on a net machine.

The competing provisions are as follows:

* * * fabrics and articles made on a * * * net machine * * * all the foregoing * * * finished or unfinished (except materials and articles provided for in paragraphs 915, 920, 1006, 1111, 1504, 1505, 1513, 1518, 1523, or 1530 (e), or in Title II (free list), or in subparagraph (b) of this paragraph), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act * * *.

* * * Elastic fabrics of whatever material composed, knit, woven, or braided, in part of india rubber. * * *

In the case of *Mason* v. *Robertson*, 139 U. S. 624, 35 L. Ed. 293, the Supreme Court of the United States, in construing the phrase "by whatever name known" said:

* * * The designation, "all chemical compounds and salts, by whatever name known," includes all chemical compounds and chemical salts, used then or thereafter in any science or art, as clearly as if the proper names of each and all of them had been given.

Thus it will be seen that as early as 1891 the phrase "by whatever name known" was held to be equivalent to an *eo nomine* designation. The construction placed upon the above phrase seems to have been rather consistently followed since the *Mason* decision, *supra*. We thus have in said paragraph 1529 (a) a provision for elastic fabrics, woven, in part of india rubber, made on a net machine, finished or unfinished, to whatever use applied, and whether or not named, described, or provided for elsewhere in this act.

In drafting said paragraph 1529 the Congress, for reasons sufficient unto itself, concerning which we may not inquire, saw fit to except from the operations of said paragraph 1529 (a) "materials and articles provided for in paragraphs 915, 920, 1006, 1111, 1504, 1505, 1513, 1518, 1523, or 1530 (e), or in Title II (free list), or in subparagraph (b) of this paragraph." Had it been the intention of the Congress to except from the operations of said paragraph 1529 (a) elastic fabrics of whatever material composed, woven, in part of india rubber, it would have been a simple matter to have done so, thus leaving them in subparagraph (c) of said paragraph 1529. But in all the exceptions, hereinbefore set out, from said paragraph 1529 (a), the Congress did not see fit to except the articles named in said subparagraph 1529 (c), thus leaving such articles named in said subparagraph 1529 (c) clearly subject to the provisions of said paragraph 1529 (a).

In the case of *Madame Adele* v. *United States*, 23 C. C. P. A. 305, the appellate court, in construing the provisions of said paragraph 1529 (a) and subparagraph (c), held:

We do not think Congress .intended that corsets composed in part of lace or net should find classification under said subparagraph (c), but that it intended that they should be classified at a higher rate of duty as articles in part of lace and net in subparagraph (a) of said paragraph 1529. In subparagraph (a), Congress very carefully indicated those parts of the tariff act it did not intend to invade by the very inclusive language in subparagraph (a).

While in the above-quoted case the appellate court was dealing with the provision for fabrics and articles in part of lace or net, by whatever name known and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act in said paragraph 1529 (a), and the provision for corsets of whatever material composed, finished or unfinished, in said subparagraph 1529 (c), the pronouncements made are as applicable and controlling in this case as they were in the *Adele* case, *supra*.

Counsel for the plaintiff relies upon the case of *United States* v. *E. De Grandmont*, 21 C. C. P. A. 17, as supporting his contention in this case. We quote the following from that decision:

When the context of the competing provisions is considered in the light of the pertinent legislative history, no other reasonable conclusion is left than that Congress intended that all elastic fabrics in part of india rubber should be classified under paragraph 1529 (c), even though described in paragraph 912.

It is to be noted that in the *De Grandmont* case, *supra*, the competition was between paragraph 1529 (c) and paragraph 912, Tariff Act of 1930, while in this case the competition is between paragraph 1529 (a) and paragraph 1529 (c). In the *De Grandmont* case, *supra*, the merchandise consisted of elastic fabrics in part of india rubber, while in the instant case the merchandise consists of elastic fabrics, woven, in part of india rubber, made on a net machine. For these reasons we do not consider the *De Grandmont* case controlling here, or as even lending support to the contention of counsel for the plaintiff.

Neither do we consider the case of *Snedeker* v. *United States*, Abstract 40154, as authority for sustaining the contention of the plaintiff in this case. There it was agreed that the merchandise consisted of rayon elastics, braided, and in part of india rubber. Under these agreed facts there was no competition between said paragraph 1529 (a) and paragraph 1529 (c). Said paragraph 1529 (a) makes no provision for rayon elastics, braided, and in part of india rubber, as it does for elastic fabrics, woven, in part of india rubber, and *made on a net machine*.

For the foregoing reasons all the claims of the plaintiff are overruled. Judgment will be rendered accordingly.