has not, in the opinion of the court, established that "the nets and racquets in question are used in ordinary cases, commonly, or usually in conjunction with balls," the protest was also overruled as to these items.

No. 47338.—Protest 32134–K of General Dyestuff Corp. (New York).

Opinion by TILSON, J. The protest was dismissed.

JUNE 25, 1942

No. 47339.— ▮▮▮▮▮▮▮▮▮▮▮▮—Protest 15159–K of Bailey Green & Elger, Inc. ▮▮▮▮▮▮ Motion of Government for rehearing denied.

JUNE 29, 1942

No. 47340.— ▮▮▮▮▮▮▮▮▮▮▮▮▮—Protest 44218–K of Rudolf Nathan. ▮▮▮▮▮▮ Plaintiff's application for rehearing granted.

No. 47341.— ▮▮▮▮▮▮▮—Protest 963281–G of Siegfried Lowenthal Co. ▮▮▮▮▮▮ Motion of Government for rehearing denied.

JUNE 30, 1942

No. 47342.—Suit 4348.— ▮▮▮▮▮▮▮—*David L. Moss & Co., Inc.* v. *United States.* C. D. 415 affirmed. C. A. D. 206.

No. 47343.—Suit 4384.— ▮▮▮▮▮▮▮▮▮—*United States* v. *Central Vermont Railway, Inc.,* C. D. 581. Appeal dismissed May 8, 1942; not yet published.

BEFORE THE FIRST DIVISION, JULY 1, 1942

No. 47344.—Protest 711597–G of W. X. Huber Co. (Los Angeles).

Opinion by WALKER, J. Plaintiff's witness testified that a javelin (exhibit 1) is an implement of sport, consisting of a wooden shaft with an iron or steel head, 8½ feet over all, and of a certain required weight. It is used, he stated, in track and field meets and is thrown for distance, being grasped between the fingers and thumb at the point of balance, and after a short run is thrown from a point behind a line. No testimony was offered as to the disci involved, but plaintiff's counsel suggested that judicial notice be taken of dictionary descriptions of same. The court found that inasmuch as paragraph 1502, "aside from specific provisions for boxing gloves and ice and roller skates, relates only to balls and equipment used in connection with balls," javelins and disci do not fall within its terms *directly*. It was also found that a designation such as manufactures of wood, or of which wood is the component material of chief value, is such an enumeration as bars the operation of the similitude clause (paragraph 1559). On the record the protest was therefore overruled. *Mason* v. *Robertson* (139 U. S. 624) cited.