RUDOLPH SCHICK *v.* UNITED STATES (No. 4546) [1]

---

[1] C. A. D. 348.

United States Court of Customs and Patent Appeals, November 4, 1946

*John D. Rode* for appellant.
*Paul P. Rao*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, special attorney, of counsel), for the United States.

[Oral argument October 3, 1946, by Mr. Rode and Mr. Taylor, Jr.]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, C. D. 995, holding certain anatomical charts dutiable as assessed by the collector at the port of New York under the *eo nomine* provision for "charts" contained in paragraph 1410 of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, T. D. 49753, at 20 per centum ad valorem rather than as articles lithographically printed, not specially provided for, not exceeding twelve one-thousandths of 1 inch in thickness, under paragraph 1406 of that act at 30 cents per pound, as claimed by the importer (appellant).

Paragraph 1410 of the Tariff Act of 1930 provides, among other things for "* * * blank books, slate books, drawings, engravings, photographs, etchings, maps, and *charts*, 30 per centum ad valorem * * *." [Italics not quoted.] As modified by the trade agreement with the United Kingdom, that portion of paragraph 1410, here involved, provides for "Blank books, slate books, engravings, maps, and *charts*, not specially provided for (except diaries, notebooks, and address books)," at 20 per centum ad valorem. [Italics not quoted.]

In addition to "Pictures, calendars, cards, labels, flaps, cigar bands, placards," paragraph 1406, *supra*, so far as pertinent, reads: "* * * and other *articles*, composed wholly or in chief value of paper lithographically printed in whole or in part * * * not specially provided for * * * not exceeding twelve one-thousandths of one inch in thickness, 30 cents per pound * * *." [Italics not quoted.]

On the trial below, it was stipulated by counsel for the parties that the articles here involved are "charts that have been lithographically printed and that they are under 12/1000 of an inch in thickness."

The sole issue in the case is whether the involved charts are more specifically provided for under the *eo nomine* provision for "charts" in paragraph 1410, *supra*, as modified by the trade agreement at 20 per centum ad valorem, or as "articles, composed wholly or in chief value of paper lithographically printed in whole or in part," not specially provided for, at 30 cents per pound, under paragraph 1406, *supra*.

In its decision the trial court called attention to the fact that under the tariff acts of 1897, 1909, 1913, and 1922, the Board of General Appraisers (now the United States Customs Court), and under the Tariff Act of 1930, the United States Customs Court, held that "charts lithographically printed" were more specifically provided for under the *eo nomine* provision for "charts" than under provisions for "lithographic prints" or "paper lithographically printed" contained in those acts.

In Abstract 13758, 12 Treas. Dec. 633, it was held that anatomical charts, lithographically printed, were more specifically provided for under the *eo nomine* provision for "charts" contained in paragraph 403 of the tariff act of 1897 than under the provision for lithographic prints contained in paragraph 400 of that act.

In *Sheldon* v. *United States*, 4 Ct. Cust. Appls., 42, T. D. 33265, this court held that "* * * articles of paper lithographically printed, with [which] exhibit in a pictorial manner the outline, form, and mechanical features of either a locomotive or an automobile * * *" were dutiable as "charts" under the *eo nomine* provision therefor contained in paragraph 416 of the tariff act of 1909 rather than as "articles of paper lithographically printed" under paragraph 412 of that act, and in so holding, affirmed the decision of the Board of General Appraisers (now the United States Customs Court) in Abstract 28988, T. D. 32655.

It is true, as argued by counsel for appellant, that in the *Sheldon* case, *supra*, the court did not refer to the rule of relative specificity, evidently because, although that issue was raised in appellant's assignment of errors, it was not argued in its brief. Nevertheless, the court must have had the rule in mind, otherwise it would not have held, as it did, that the articles there involved were dutiable under the *eo nomine* provision for charts contained in paragraph 416 of that act, rather than under the provision for "articles of paper lithographically printed" under paragraph 412 of that act.

In T. D. 38679, 39 Treas. Dec. 206, it was held that anatomical charts, lithographically printed on paper, were more specifically

provided for as "charts" under the *eo nomine* provision therefor, contained in paragraph 329 of the tariff act of 1913, than as "lithographic prints" under the provision therefor in paragraph 325 of that act.

In Abstract 50935, 49 Treas. Dec. 1079, it was held that lithographically printed charts were dutiable as "charts" under paragraph 1310 of the Tariff Act of 1922, rather than as "lithographic prints" under paragraph 1306 of that act. Apparently the sole question in that case was whether the lithographic prints there involved were charts.

The United States Customs Court held in Abstract 39301, 1 United States Customs Court, 388, that anatomical charts, lithographically printed, were dutiable as "charts" under the *eo nomine* provision therefor in paragraph 1410 of the Tariff Act of 1930, rather than as "articles lithographically printed" under paragraph 1406, *supra.*

In Abstract 23663, T. D. 30768, 19 Treas. Dec. 756, it was held that lithographically printed *maps* were more specifically provided for under the *eo nomine* provision for "maps" contained in paragraph 416 of the tariff act of 1909, than as "articles lithographically printed" under paragraph 412 of that act.

The trial court also called attention to the Summary of Tariff Information, 1920, page 514, and the Summary of Tariff Information, 1929, pages 1866 and 1867.

In the Summary of Tariff Information, 1920, it is stated:

\* \* \* *Charts* include articles of paper lithographically printed which exhibit in a pictorial manner the outlines, form, and mechanical features of a locomotive or an automobile, the various parts of which are shown on superimposed paper flaps so arranged that they may be turned back to show the interior mechanism. (4 Ct. Cust. Appls., 42, of 1913.)

In the Summary of Tariff Information, 1929, appears the following:

\* \* \* *Charts* claimed dutiable as *lithographic prints*, paragraph 1306, were held dutiable under paragraph 1310. (Ab. 50935, appeal dismissed, 14 Ct. Cust. Appls. 487.)

The trial court concluded that the provision for "charts" in paragraph 1410, *supra*, as modified by the trade agreement, is a more specific designation of the anatomical charts here involved than the provision for articles of paper lithographically printed and, as the provision in 1410, *supra*, and in 1406, *supra*, are not materially different, so far as the issues here are concerned, from the competing provisions in prior tariff acts considered in the decisions hereinbefore cited, the doctrine of legislative adoption of judicial decision is applicable to the issues in the instant case, and accordingly overruled appellant's protest.

It is argued here by counsel for appellant that in the cases hereinbefore referred to, the question of relative specificity was not in-

volved and that, therefore, the quoted excerpts from the Summaries of Tariff Information of 1920 and 1929 do not indicate that the Congress intended to ratify the decisions in those cases, so far as the rule of relative specificity is concerned.

It is further argued by counsel for appellant, as it was before the trial court, that the Congress, in paragraph 1410, *supra*, has evidenced a clear intention to provide in that paragraph for *all* lithographically printed articles, unless they have been specifically provided for elsewhere by the use of the term "lithographically printed" or, as stated by counsel, "by words of similar import" and, in support of that contention counsel for appellant relies upon our decision in the case of *United States* v. *Canadian National Railways*, 29 C. C. P. A. (Customs) 272, C. A. D. 202, where it was held that lithographically printed folders advertising the Canadian National Railways, were more specifically provided for at 30 cents per pound under paragraph 1406, *supra*, as "lithographs not exceeding twelve one-thousandths of one inch in thickness," than as "printed matter * * * not specially provided for" under paragraph 1410, *supra*, as modified by the trade agreement with Canada, T. D. 49702, at 7½ or 12½ per centum ad valorem.

Counsel for appellant relies upon the following excerpt from our decision in that case:

There have been some changes from the predecessors of paragraph 1406 of the present act but they do not substantially change what appears to have been the continued clear intent of the Congress to group into a separate classification all lithographically printed articles unless they have been specifically provided for elsewhere.

In order to so specifically provide for such articles we think that the term "lithographically printed" or words of similar import would have to be employed or that the imported article even though so printed would have to be so clearly defined as to constitute it a different article in a tariff sense from those embraced in paragraph 1406.

It will be observed that we there stated that paragraph 1406, *supra*, was intended to cover "all lithographically printed articles unless they have been specifically provided for elsewhere," and that—

In order to so specifically provide for such articles we think that the term "lithographically printed" or words of similar import would have to be employed *or that the imported article even though so printed would have to be so clearly defined as to constitute it a different article in a tariff sense from those embraced in paragraph 1406.* [Italics not quoted.]

It is evident that counsel for appellant has overlooked the italicized portion of the quoted excerpt from our decision in that case and the meaning intended to be ascribed thereto.

Obviously, an article provided for by name in another paragraph of the tariff act, although lithographically printed, may be, and in

the instant case is, "a different article in a *tariff sense* from those embraced in paragraph 1406." [Italics not quoted.]

It is argued by counsel for appellant, however, that the provision in 1406, *supra*, for "articles * * * lithographically printed" is equivalent to an enumeration of every article which is lithographically printed, and in support of his contention counsel cites the case of *United States* v. *Sears, Roebuck & Co.*, 20 C. C. P. A. (Customs) 295, T. D. 46086, and the cases of *Arthur* v. *Butterfield*, 125 U. S. 70, and *Mason* v. *Robertson*, 139 U. S. 624. The latter two cases were cited in the *Sears, Roebuck & Co.* case, *supra*.

In the *Sears, Roebuck & Co.* case, in answer to the argument by counsel for appellee that the President was not authorized by section 336 of the Tariff Act of 1930—the flexible tariff provisions—to describe an article and give it an *eo nomine* designation and raise or lower the rate of duty thereon, or where such article was included in a general or descriptive provision of the tariff act, we stated "* * * It is well established that where a general class of articles is named in a tariff law without specifying each article coming within the class, each of said articles is regarded as enumerated as clearly as if the proper names of each and all of them had been given."

We further stated that "* * * In the case of *Mason* v. *Robertson*, *supra*, there was presented the question of whether bichromate of soda was an enumerated article in the tariff act of March 3, 1883, under a provision of said tariff law which read as follows: '* * * all chemical compounds and salts, by whatever name known * * *'."

In that case the Supreme Court stated among other things that "Bichromate of soda, being undoubtedly a chemical compound and a chemical salt, is within the very words of the schedule, and can not therefore be treated as a nonenumerated article, within the similitude clause. * * *"

In the case of *United States* v. *Hillier's Sons Co.*, 14 Ct. Cust. Appls., 216, 222, T. D. 41706, we stated:

The provision for "all medicinal preparations" is equivalent to an enumeration of every medicinal preparation not otherwise specially provided for by name. *Merck & Co.*, v. *United States*, 6 Ct. Cust. Appls., 41, 42, 43, T. D. 35315.

In the instant case, had charts not been provided for *eo nomine* in paragraph 1410, *supra*, they would have been included within the provision for articles lithographically printed, not specially provided for, in paragraph 1406, *supra*.

We are of opinion that the *eo nomine* provision for "charts" contained in paragraph 1410, *supra*, is a more specific designation for "charts" lithographically printed than the provision for "articles" lithographically printed, provided for in paragraph 1406, *supra*, as held by the trial court.

Furthermore, we are in agreement with the views expressed by the trial court that there has been no material change in the paragraphs under consideration in the tariff acts of 1897, 1909, 1913, 1922, and paragraphs 1410 and 1406, *supra*, so far as the issues here are concerned, and that it will be presumed that the Congress, by the enactment of paragraphs 1410 and 1406, *supra*, intended to ratify the decisions in the cases hereinbefore cited.

We are also in accord with the trial court that the quoted excerpts from the Summary of Tariff Information of 1920 and 1929 clearly indicate that the Congress intended to ratify the decisions referred to therein.

For the reasons herein stated, the judgment is *affirmed*.