In *American Import Co. v. United States,* Abstract 50875, the merchandise before us was miniature boxing gloves almost identical in size, design, and construction with collective exhibit 2 in the case at bar. In that case we held such articles not to be jewelry but to be properly dutiable as manufactures of leather.

(C. D. 1095)

American Import Co. *v.* United States

# United States Customs Court, First Division

(Decided March 22, 1948)

*Philip Stein* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Dorothy C. Bennett, Joseph E. Weil,* and *Guy Gilbert Ribaudo,* special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: The merchandise involved in these cases consists of badminton-shuttlecocks imported from England. Duty was assessed thereon by the collector of customs at the rate of 40 per centum ad valorem under the provision in paragraph 1518 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1001, par. 1518), as modified by the trade agreement with the United Kingdom reported in T. D. 49753, for articles not specially provided for, composed wholly or in chief value of certain feathers. Insofar as pertinent, the paragraph under which classification was made, read, prior to modification, as follows:

PAR. 1518. Feathers and downs, on the skin or otherwise, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for, 20 per centum ad valorem; dressed, colored, or otherwise advanced or manufactured in any manner, including quilts of down and other manufactures of down, 60 per centum ad valorem; feather dusters, 45 per centum ad valorem; artificial or ornamental feathers suitable for use as millinery ornaments, 60 per centum ad valorem; * * * boas, boutonnieres, wreaths, and all articles not specifically provided for, composed wholly or in chief value of any of the feathers, flowers, leaves, or other material above mentioned, shall be subject to the rate of duty provided in this paragraph for such materials, but not less than 60 per centum ad valorem: * * *.

Effective January 1, 1939, prior to the importation of the merchandise at bar, the said paragraph was modified by the aforementioned trade agreement to reduce to 40 per centum ad valorem the duty on—

Boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the feathers mentioned in the duty provisions of paragraph 1518, Tariff Act of 1930.

Each of the protests filed by the plaintiff claims the merchandise to be properly dutiable at only 30 per centum ad valorem under paragraph 1502 of the same act. That paragraph reads as follows:

PAR. 1502. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, primarily designed for use in physical exercise (whether or not such exercise involves the element of sport), and all clubs, rackets, bats, golf tees, and other equipment, such as is ordinarily used in conjunction therewith, all the foregoing, not specially provided for, 30 per centum ad valorem; ice and roller skates, and parts thereof, 20 per centum ad valorem.

In addition to claim under the foregoing paragraph, the usual claim for duty at the rate of 10 or 20 per centum ad valorem under the nonenumerated articles provisions of paragraph 1558 is contained in each of the protests.

Although the claim under paragraph 1502 is stated to be made both directly, and by similitude under the provisions of paragraph 1559 of the tariff act, a mere examination of the exhibit offered and received as illustrative of the imported merchandise, plaintiff's illustrative exhibit 1, is sufficient to determine that it is not covered directly by any of the provisions of paragraph 1502. It consists of a short piece of light material, probably cork or balsa, rounded at one end and with a crown of feathers at the other end. Plaintiff's claim is obviously under the provision for balls, but it is clear that the shuttlecocks represented by the exhibit do not respond to that term as commonly used. If plaintiff's claim under paragraph 1502 is valid, therefore, it must be by virtue of the similitude provisions of paragraph 1559.

It is well-settled that before recourse may be had to the similitude provisions, every dutiable enumeration in the tariff act must be found to be inapplicable. *United States* v. *Stouffer Co.*, 3 Ct. Cust. Appls. 67, T. D. 32351. With this in mind, the inquiry naturally suggests itself whether the provision under which classification was made by the collector is applicable to the merchandise. Although this provision is general in scope, the articles covered by it are "enumerated" within the meaning of that term as used in the similitude provision. *Mason* v. *Robertson*, 139 U. S. 624. As was said in *United States* v. *Cochran*, 3 Ct. Cust. Appls. 57, T. D. 32349, referring to the similitude provision—

\* \* \* In the application of this provision an article is "enumerated" if it comes within a class made dutiable in general terms by the act, quite as certainly as if the article is made dutiable under an *eo nomine* designation.

The question therefore is whether the shuttlecocks at bar are covered by the provision for articles, not specially provided for, composed wholly or in chief value of the feathers mentioned.

The plaintiff has not attempted to show that the shuttlecocks in issue are not in chief value of feathers. It seeks, rather, to take them out of classification under paragraph 1518, *supra*, on the ground that they are not *ejusdem generis* with any of the articles provided for in the said paragraph.

The rule of *ejusdem generis* is stated in Sutherland on Statutory Construction, 3rd ed. vol. 2, § 4909, as follows:

\* \* \* Where general words follow specific words in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.

and in §191 of Crawford's "The Construction of Statutes" as follows:

Where general words follow the designation of particular things, or classes of persons or subjects, the general words will usually be construed to include only those persons or things of the same class or general nature as those specifically enumerated.

The particular or specific words here involved are "boas, boutonnieres, wreaths" and the general words following them are "and all articles not specially provided for, composed wholly or in chief value of any of the feathers" previously mentioned in the paragraph. The feathers previously mentioned in the paragraph are:

(1) Feathers, crude or not dressed, colored, or otherwise advanced or manufactured in any manner.

(2) Feathers, dressed, colored, or otherwise advanced or manufactured in any manner.

(3) Artificial or ornamental feathers suitable for use as millinery ornaments.

While no oral evidence on the point was offered, it would appear from an inspection of the sample that the feathers used in the imported article were those in category (2), i. e., feathers, advanced in some manner.

A "boa," according to Webster's New International Dictionary, 2nd ed. (1945), is "a long, round scarf of fur, feathers, etc., for the neck," while a "boutonniere," according to the same authority, is "a flower or bouquet worn in the buttonhole," and a "wreath" is "a garland, as of flowers or leaves, to be worn or bestowed as a mark of honor or a symbol of esteem." Far from having a similarity in nature, the words seem to have nothing in common running through them. They seem to point to a rather wide field as the intended scope of the provision in question, and this is especially so when it is noted that the general words following "boas, boutonnieres, wreaths" embrace "all" articles, etc., which would seem to indicate that there was no purpose to restrict the operation of the provision to a class of articles or to articles similar in any particular other than that they be of the materials named, i. e., feathers of the kinds mentioned. We therefore conclude that there is no field for the application of the *ejusdem generis* rule.

A provision of the Tariff Act of 1913 similar to that here in question was the subject of *United States* v. *Beach*, 8 Ct. Cust. Appls. 365, T. D. 37625. There, the merchandise consisted of cards on which feathers were attached in the shape of birds, the articles being used for decorative purposes in the same manner as pictures. In holding such articles to be dutiable under the provision in the 1913 act for "articles not specially provided for in this section, composed wholly or in chief value of any of the feathers * * * herein mentioned" (paragraph 347) the court said:

It is clear that if an article having a distinct use has resulted from the manufacture of these feathers, such article is provided for by the paragraph last quoted,

and the assessment was properly made. Such we think is the effect of the legislation.

In the brief filed by counsel for the plaintiff in its behalf there is cited the case of *George Tritch Hardware Company* v. *United States,* T. D. 24245, reported in 6 Treas. Dec. 156. That case involved, among other things, fishhooks and flies composed of feathers and metal, the feathers being the component material of chief value. They were assessed with duty at the rate of 50 per centum ad valorem under the provisions of paragraph 425, Tariff Act of 1897, which read as follows:

Feathers and downs of all kinds, including bird skins or parts thereof with the feathers on, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for in this Act, fifteen per centum ad valorem; when dressed, colored, or otherwise advanced or manufactured in any manner, including quilts of down and other manufactures of down, and also dressed and finished birds suitable for millinery ornaments, and artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this Act, fifty per centum ad valorem.

It will be noted that there was no provision in the said paragraph for articles.composed wholly or in chief value of feathers, and it was held that the provision for "feathers * * * advanced or manufactured in any manner" under which assessment had been made, did not include manufactures of feathers, that is to say, articles made of feathers, but was restricted to feathers which, although advanced or manufactured, still remained a material rather than an article made of such material. A similar holding was made by the United States Circuit Court of Appeals, Second Circuit, in the case of *United States* v. *Berlinger, Brown & Meyer,* 167 Fed. 800.

In the succeeding Tariff Act of 1909, however, the provisions for feathers and downs (paragraph 438) were broadened to include—

* * * boas, boutonnieres, wreaths, and all articles not specially provided for in this section, composed wholly or in chief value of any of the feathers, flowers, leaves, or other materials or articles herein mentioned * * *.

and in *Goodman et al.* v. *United States,* 2 Ct. Cust. Appls. 112, T. D. 31658, it was pointed out that the foregoing language was presumably added by Congress in view of the construction given the 1897 act provision in the *Berlinger* case hereinabove referred to, and with the intention of bringing feather articles within the purview of the paragraph.

We are therefore of the opinion that the shuttlecocks at bar were properly classified for duty assessment under the provision in paragraph 1518 of the Tariff Act of 1930, as amended, for "articles not specially provided for, composed * * * in chief value of any of the feathers" mentioned in the preceding portion of the paragraph.

The protests are therefore overruled and judgment will issue accordingly.